657 So.2d 1063 (1995)
Abigail M. ZENO
v.
HWT PROPERTIES d/b/a Acadian Inn.
No. CA 94 2206.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*1064 Edward J. Cloos, III, Metairie, for plaintiff/appellant.
Michael G. Gee, Thibodaux, for defendant/appellee.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Abigail M. Zeno, from a judgment of the hearing officer, dismissing her worker's compensation claim against defendant, HWT Properties d/b/a Acadian Inn. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On July 22, 1993, plaintiff filed a disputed claim for compensation (LDOL-WC form 1008). Plaintiff, who was employed as a desk clerk by Acadian Inn, alleged that on June 15, 1993, she sustained an on-the-job injury to her lower back when she slipped and fell on a wet floor in the hotel lobby. According to the medical evidence, plaintiff was diagnosed with chronic lumbar musculoligamentous pain syndrome with localization of tenderness at the L4, L5 and S1 levels.
On August 11, 1986, prior to her employment with defendant, plaintiff had been involved in another slip and fall accident in which she suffered low back pain, musculoligamentous in nature, at the L4-5, S1 level. In connection with her application for employment with defendant, plaintiff completed a medical history questionnaire. In the questionnaire, plaintiff denied the existence of any prior back injury, thus misrepresenting her prior medical history in the application.
Based on these misrepresentations by plaintiff, defendant moved for summary judgment, contending that pursuant to LSA-R.S. 23:1208.1, plaintiff's failure to truthfully answer the medical questionnaire should result in the forfeiture of worker's compensation benefits.
LSA-R.S. 23:1208.1 provides that an employer may inquire about previous injuries, disabilities or other medical conditions and sets forth that an employee's failure to answer these inquiries truthfully shall result in the employee's forfeiture of worker's compensation benefits where the failure to truthfully answer directly relates to the medical condition for which a claim is made or affects the employer's ability to receive reimbursement from the second injury fund.
On appeal and in the proceedings before the worker's compensation hearing officer, it was undisputed by the parties that plaintiff's misrepresentations were violative of the provisions of LSA-R.S. 23:1208.1 and that application of the statute would result in forfeiture of benefits. However, in opposing the motion for summary judgment, plaintiff contended that LSA-R.S. 23:1208.1 had been preempted by the Americans with Disabilities *1065 Act (the ADA), 42 U.S.C. § 12101 et seq. Specifically, plaintiff contended that the language of LSA-R.S. 23:1208.1 allowing an employer to inquire about previous injuries, disabilities or other medical conditions directly conflicts with the language of 42 U.S.C. § 12112(d)(2)(A), which provides that a covered entity shall not make inquiries of a job applicant about any disability or the nature or severity of such disability. Thus, it was plaintiff's contention that the ADA preempted and effectively nullified LSA-R.S. 23:1208.1.
A hearing on defendant's motion was conducted on July 28, 1994, and by judgment dated August 9, 1994, the hearing officer granted defendant's motion for summary judgment and dismissed plaintiff's claim against her employer. In reasons for judgment, the hearing officer concluded that: (1) because plaintiff had not been found to be "disabled" within the meaning of the ADA, the ADA had no application to the instant case; (2) although the ADA prohibits inquiries concerning a disability, the ADA does not state that the penalty provisions of LSA-R.S. 23:1208.1 are prohibited; and (3) the ADA does not apply retroactively, and because it was not in effect at the time plaintiff completed the medical history questionnaire, applying it to the instant case would be a prohibited retroactive application.
From this judgment, plaintiff appeals, assigning the following as error:
(1) The hearing officer erred in finding that the penalty provisions of LSA-R.S. 23:1208.1 were not, explicitly or by implication, preempted by the enactment of the Americans with Disabilities Act; and
(2) The hearing officer erred in determining that the penalty provisions of LSA-R.S. 23:1208.1 should be applied to plaintiff.

DISCUSSION
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
In the proceedings below, the parties did not dispute that under the facts of this case, the requisites for denial of plaintiff's worker's compensation claim pursuant to LSA-R.S. 23:1208.1 had been met. Plaintiff's sole argument in opposition of the motion for summary judgment was that because the enactment of the Americans with Disabilities Act served to preempt the provisions of LSA-R.S. 23:1208.1, defendant was not entitled to judgment as a matter of law. Before addressing the merits of plaintiff's preemption argument, we must first determine whether application of the ADA to the instant case would be a prohibited retroactive application, as the hearing officer concluded.
The Americans with Disabilities Act, which became effective with respect to private employers on July 26, 1992, prohibits discrimination by certain private employers against individuals with disabilities and provides for certain remedies to individuals claiming discrimination. 42 U.S.C. §§ 12112(a), 12117(a). The ADA, which is substantive in nature, is not to be given retroactive effect. O'Bryant v. City of Midland, 9 F.3d 421, 422 (5th Cir.1993); Raya v. Maryatt Industries, 829 F.Supp. 1169, 1174-1175 (N.D.Cal.1993).
On May 15, 1991, plaintiff completed the medical questionnaire, failing to report her prior back injury. On June 15, 1993, plaintiff *1066 allegedly suffered an on-the-job accident while working for defendant. Thus, the ADA was not in effect at the time plaintiff falsely answered the medical questionnaire, but was in effect at the time of her alleged accident.
Plaintiff contends that the law in effect with respect to a particular worker's compensation claim is the law in effect at the time of the injury, and because the ADA was in effect at the time of her alleged injury, the provisions of LSA-R.S. 23:1208.1 had been preempted and could not be applied to her claim. We disagree.
We agree that generally a plaintiff's entitlement to worker's compensation benefits is governed by the law in effect at the time of the injury. See Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (La.1993). However, in the instant case, the salient facts giving rise to plaintiff's forfeiture of benefits occurred at the time she completed the medical questionnaire, not at the time of injury. Thus, we conclude that the law in effect at the time she completed the questionnaire is the law which applies to the issue of forfeiture of benefits. See Ryder v. Industrial Construction Company, 616 So.2d 857, 859 (La.App. 3rd Cir.), writ denied, 619 So.2d 1068 (La. 1993). (Applicable worker's compensation statute governing settlements was the statute in effect at the time the parties entered into the settlement agreement). Once plaintiff failed to truthfully answer the medical questionnaire, she forfeited her right to assert any future claim for worker's compensation benefits for a directly related medical condition. Because the ADA was not in effect at the time plaintiff completed the medical questionnaire, it cannot be applied retroactively to preempt the provisions of LSA-R.S. 23:1208.1.
We find further support for our position in the Third Circuit opinion of Williams v. Holly Hill Nursing Home, 93-557 (La.App. 3 Cir. 3/30/94), 640 So.2d 383, writ denied, 94-1134 (La. 7/1/94), 641 So.2d 208. In Williams, the Third Circuit Court of Appeal, in dicta, stated that "the Americans with Disabilities Act ... would appear to preempt LSA-R.S. 23:1208.1, as it would seem to prohibit inquiries as to an employee's or job applicant's disabilities." However, the Third Circuit concluded that the question of preemption was not before the court "due to the date of plaintiff's application for employment." Williams, 93-557 at p. 5, 640 So.2d at 386.
Because application of the ADA to the instant case would be a prohibited retroactive application, we cannot reach the merits of plaintiff's argument that the provisions of LSA-R.S. 23:1208.1 have been preempted by the ADA. Inasmuch as the parties have not disputed that the requirements of LSA-R.S. 23:1208.1 have been satisfied herein, thus warranting denial of benefits, we must conclude that defendant is entitled to judgment in its favor as a matter of law. Accordingly, we affirm the judgment of the hearing officer.

CONCLUSION
For the above and foregoing reasons, the August 9, 1994 judgment of the hearing officer, dismissing plaintiff's claim with prejudice, is affirmed. Costs of this appeal are assessed against plaintiff, Abigail M. Zeno.
AFFIRMED.