| iBROWN, Judge,
dissenting.
LSA-R.S. 23:1201.4 provides:
The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee’s right to claim compensation benefits shall resume.
Generally, entitlement to workers’ compensation benefits is governed by the law in effect at the time of injury. Bruno, supra. In this case, however, we are not dealing with the substantive law determining the award of compensation, but rather the forfeiture of benefits. Plaintiff is now serving a 20-year hard labor sentence for manslaughter and attempted manslaughter. The legislative purpose behind the incarceration forfeiture statute was to cover exactly this situation.
In Resweber v. Haroil Const. Co., 94-2708 (La. 09/05/95), 660 So.2d 7, the supreme court, in addressing anti-fraud provisions of the Worker’s Compensation Act, stated:
Sections 1208 and 1208.1 determine the effect of a false statement or misrepresentation on a workers’ compensation claim. The triggering mechanism which makes these provisions applicable is the making of a false statement or misrepresentation, not the occurrence of an accident or injury. Accordingly, it is the date the false statement or misrepresentation was made that is determinative in deciding which version of these provisions apply. Because we are not dealing with provisions setting forth which injuries are compensable under the workers’ compensation scheme or what constitutes an “accident” under the workers’ compensation scheme, the general rule that the governing law in a compensation action is that which was in effect at the time of the alleged injury, enunciated in such cases as Bruno v. Harbert Int’l., Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); and Smith v. Exxon Chem. Americas, 619 So.2d 140 (La.App. 1st Cir.1993), is not applicable to the present case.
Resweber, 660 So.2d at 10. See also Ryder v. Industrial Construction Company, 616 So.2d 857 (La.App. 3d Cir.1993), writ denied, 619 So.2d 1068 (La.1993), 2and Zeno v. HWT Properties, 94-2206 (La.App. 1st Cir. 06/23/95), 657 So.2d 1063.
I believe the reasoning set forth in Reswe-ber, supra, applies and that the law in effect at the time of claimant’s incarceration governs the question of the forfeiture of his benefits.
I respectfully dissent.