701 So.2d 484 (1997)
Walter LEMAIRE, Plaintiff-Appellee,
v.
ESTATE OF Robert L. HARRINGTON, Jr., et al., Defendant-Appellant.
No. 97-256.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
Rehearing Denied December 8, 1997.
Gordon Peter Sandoz, II, Abbeville, for Walter Lemaire.
Christopher Alan Edwards, Nora Montgomery Stelly, Lafayette, for State, DOTD.
*485 Before DOUCET, C.J., and DECUIR and AMY, JJ.
DECUIR, Judge.
This appeal arises out of an automobile accident in the early morning hours on December 8, 1991, on Louisiana Hwy. 13 north of Kaplan. After a trial on the merits, the trial court rendered judgment awarding $2,921,419.44, plus legal interest from date of judicial demand to the plaintiff, Walter Lemaire, and against defendants, The Estate of Robert Harrington, Jr. and the State of Louisiana, Through the Department of Transportation and Development (DOTD) assessing the DOTD with 20% fault and the Estate of Robert Harrington, Jr. with 80% fault. Both Walter Lemaire and the DOTD appeal the judgment of the trial court.
At the time of the accident, plaintiff was a passenger in a vehicle driven by Robert Harrington, Jr., which ran off of the highway in a curve, struck a culvert and crashed into an open field adjacent to the highway. There were four people in the vehicle at the time of the accident. Mr. Harrington and the front seat passenger died in the accident. Mr. Lemaire, who was riding in the back seat, and another back seat passenger, Paula Thibodeaux, survived. Ms. Thibodeaux could not be located for trial. The plaintiff has no recollection of the accident. Plaintiff was rendered a paraplegic as a result of the accident.
It was stipulated by the parties prior to trial that the highway in question at the point of the accident is a Louisiana highway in the care, custody and control of the State of Louisiana; that the said highway was constructed, maintained and inspected by the State; and that the State through the DOTD knew of the condition of said highway at the site of the accident made subject of the lawsuit.
Plaintiff filed suit against Harrington's estate, Harrington's automobile liability insurer, Imperial Fire & Casualty Company, and the DOTD. Plaintiff's suit alleged that the curve in question was improperly signed, not giving sufficient warning to approaching motorists of the impending curve, and that Robert Harrington, Jr. did not notice there was a curve in the road and proceeded straight ahead leaving the travel portion of the highway and careening into a field. Plaintiff further alleged that the DOTD had knowledge of the defect in the signing of the road and was negligent in failing to give proper warnings or signs of the impending curve. The suit also alleged that Harrington was intoxicated at the time of the accident.
The DOTD answered the suit alleging comparative negligence on the part of plaintiff stating that prior to and at the time of the accident, Lemaire knew or should have known that Harrington had been drinking and was intoxicated, and nevertheless Lemaire chose to ride in Harrington's vehicle, and that Lemaire was not wearing his seat belt which was available for his use, resulting in him being ejected from the vehicle at the time of the collision. The Estate of Robert Harrington, Jr. and Imperial were dismissed from the lawsuit after payment of $7,440.04, the remainder of sums available under the policy issued by Imperial.
After a trial on the merits, the trial judge issued a written ruling and rendered judgment awarding damages, with legal interest from date of demand, as follows:

Pain and suffering $2,000,000.00
Medical expenses 164,810.19
Life care plan 647,649.00
Past lost wages 10,260.25
Loss of earning capacity 98,700.00
 _____________
 $2,921,419.44

On appeal, the DOTD contends that the trial court's findings that the roadway in question was unreasonably dangerous due to a lack of a warning sign and a lack of guardrails was manifestly erroneous, and that the trial court committed manifest error in failing to assign 100% fault to Robert Harrington, Jr. The DOTD further contends that the trial court erred in denying its motion for directed verdict after close of plaintiff's case, and in failing to make findings of fact as required by La.R.S. 13:5106(B) and (C).
Plaintiff contends on appeal that the trial court erred in assessing only 20% fault to the State of Louisiana, and that the awards for loss of future earnings and the life care plan are inadequate. *486 Lack of warning sign and guardrail and assessment of fault
The record reflects that the roadway in question contains an unobscured ninety degree curve steeply banked on one side. It is undisputed that no warning sign was in place at the time of the accident to warn of the impending curve. However, the roadway approaching the curve contained double yellow lines and a sign indicating a no-passing zone. Plaintiff's expert, Robert Lipp, was qualified as an expert in civil and mechanical engineering, highway design and maintenance, and accident reconstruction. Mr. Lipp was of the opinion that the curve in question was unreasonably dangerous due to the lack of a warning of the impending curve and guardrail.
The evidence also indicates that both experts and the state trooper who investigated the accident agree that Harrington was speeding at the time of the accident. We note Mr. Lipp's testimony that "he's going very fast and/or faster, and there is evidence to say that he's going fast. There's no doubt about that." The defendant's expert, Joseph Blaschke, was qualified as an expert in highway design, traffic engineering and accident reconstruction. Mr. Blaschke and Trooper James Simon testified that the physical evidence at the scene of the accident indicated that Harrington was traveling at least 85 mph just prior to the accident.
The determination as to whether the curve in question was unreasonably dangerous due to the lack of a warning and guardrail and the assessment of fault are questions of fact subject to the manifest error standard of review. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State of Louisiana, Through Department of Transportation and Development, 92-1328 (La.4/12/93); 617 So.2d 880; Rosell v. ESCO, 549 So.2d 840 (La.1989). Where two permissible views of the evidence exist, the trial court's choice between them cannot be manifestly erroneous. Stobart, 617 So.2d 880.
There was substantial evidence that Harrington was speeding at the time of the accident. Furthermore, the trial court was presented with two permissible views as to whether the curve in question was unreasonably dangerous. We conclude that the trial court's findings that plaintiff proved by a preponderance of the evidence that the curve in question is unreasonably dangerous, that the lack of a warning sign and guardrail was a cause-in-fact of the accident, and that Harrington's negligence was also a cause-in-fact of the accident are reasonable in light of the entire record. We further conclude that the trial court was not manifestly erroneous in assessing Harrington with 80% fault and the DOTD with 20%.

Directed Verdict Motion
The DOTD contends that the trial court erred in denying its motion for directed verdict upon the conclusion of plaintiff's case. Our ruling affirming the trial court's findings of fact as stated above renders this assignment of error moot. In any case, the trial court's ruling on a motion to dismiss is reviewed on appeal pursuant to an abuse of discretion and manifest error standard of review. See Hebert v. Southwest La. Elec. Mem. Corp., 95-405 (La.App. 3 Cir.1995); 667 So.2d 1148, writs denied, 96-0277 (La.5/17/96); 673 So.2d 607, 96-0798 (La.5/17/96); 673 So.2d 608. We find no manifest error nor abuse of discretion in the trial court's denial of defendant's motion for directed verdict.

Loss of future earnings and life care plan
Plaintiff contends that the trial court's awards for loss of future earnings and life care plan are inadequate. Plaintiff fails to brief the assignment of error regarding the life care plan. Thus, that assignment is considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
Addressing plaintiff's argument regarding the award for loss of future earnings, we note the trial court stated in reasons for judgment:
Mr. Lemaire's claims for past lost wages and loss of earning capacity have proved difficult for the court to address. Prior to the time of the accident Mr. Lemaire's work ethic was erratic and inconsistent. He preferred to party, rather than work *487 regularly. His reported earnings for the year 1990 was $1432.87. His reported earnings for the year 1991 through the date of the accident, December 8, was $1912.50. While plaintiff argues that he was earning $6.00 an hour at the time of the accident, there is no indication that his future work ethic would have been any different than his past work ethic.

(Emphasis ours.)
Plaintiff was 28 years old at the time of the accident and living with his grandmother. The record supports the trial court's finding that plaintiff worked only sporadically prior to the accident. Plaintiff argues that the trial court erred in considering Lemaire's work history stating that the measure of damages for loss of earning capacity is not what the plaintiff was making prior to the accident, but what he is capable of making in the future. Future loss of earnings cannot be calculated with absolute certainty and damages for the loss of future earnings are somewhat speculative in character. Robinson v. Graves, 343 So.2d 147 (La.1977). Among the factors to be considered in determining the amount of an award for future economic loss is the plaintiff's past work record as to consistent employment. Thompson v. Louisiana Dept. of Transportation, 93-1294 (La.App. 3 Cir.6/29/94); 639 So.2d 864, writ denied, 94-2047 (La.11/4/94); 644 So.2d 1052; See Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3 Cir.), writ denied, 565 So.2d 450 (La.1990).
Considering the law and the evidence, we find it was not inappropriate for the trial court to consider the plaintiff's prior work history and prior wages in determining the amount awarded for loss of future earnings. We affirm the trial court's awards for loss of future earnings and the life care plan.

Application of La.R.S. 13:5106
Defendant contends that the trial court erred in failing to provide in the judgment for a reversionary trust for future medicals pursuant to La.R.S. 13:5106(B) and (C). The DOTD, however, provides no authority for this position.
A reversionary trust under the statute is a trust established by the state or state agency for the exclusive benefit of the claimant to pay the medical care and related benefits as they accrue. La.R.S. 13:5106(B)(3)(b) provides that any funds remaining in the trust created pursuant to the statute shall revert to the state or state agency that established the trust, upon the death of the claimant or upon termination of the trust as provided in the trust instrument. We note that the requirement of a reversionary trust did not exist prior to the 1996 amendment to La.R.S. 13:5106.
Plaintiff argues that the reversionary trust provisions should not be applied retroactively in the case sub judice. We agree. La.R.S. 13:5106(B)(1), which limits the recovery of general damages in personal injury awards against the state, has been held to be substantive and thus cannot be applied retroactively. Dubois v. State Farm Ins. Co., 571 So.2d 201 (La.App. 3 Cir.1990), writ denied, 575 So.2d 367 (La.1991).
Likewise, the reversionary trust requirement, La.R.S. 13:5106(B)(3)(a), affects the amount of damages recoverable for future medical and related benefits. We hold that the reversionary trust provisions of La.R.S. 13:5106 cannot be applied retroactively.
The judgment of the trial court is affirmed. Costs of appeal are assessed one-half to plaintiff and one-half to defendant.
AFFIRMED.