702 So.2d 1057 (1997)
HY-OCTANE INVESTMENTS, LTD., Plaintiff-Respondent,
v.
G & B OIL PRODUCTS, INC., Defendant-Applicant.
No. W97-28.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1058 Steven Gerald Durio, Lafayette, for Hy-Octane Investments, Ltd.
Robert G. Nida, Alexandria, for G & B Oil Products, Inc.
Before YELVERTON, COOKS and GREMILLION, JJ.
YELVERTON, Judge.
The res nova issue presented in this writ application is whether a claim for a breach of a contract is a compulsory reconventional demand pursuant to La.Code Civ.P. art. 1061 to a claim for wrongful termination of the same contract. Another writ application in this case from a different parish, W97-892, was later filed and has been consolidated with this writ application. The issue in the second writ regards venue. We will render a separate judgment in the second writ.

FACTS
In June of 1993, G & B Oil Products, Inc. entered into a motor fuel supply agreement with Hy-Octane Investments, Ltd. G & B executed the agreement on June 15, 1993, in Rapides Parish. The agreement allegedly provided that G & B would be the exclusive seller and supplier for all Hy-Octane's motor fuels. At the time of the agreement, Hy-Octane owned and operated a convenience and retail gasoline store in Lafayette. The agreement was binding on Hy-Octane's successors and assigns.
*1059 Subsequently, in 1996, Hy-Octane leased its store to Venture Energy, L.L.C. Venture continued to buy fuel from G & B until June 1996, at which time Venture allegedly terminated the agreement.
G & B filed suit in Rapides Parish on July 17, 1996, against Hy-Octane and Venture for wrongful termination of the contract. Thereafter, on July 23, 1996, Hy-Octane filed a separate suit against G & B in Lafayette Parish alleging breach of the contract. In that suit, Hy-Octane alleged that G & B did not fulfill all of its requirements under the motor fuel supply agreement, and that therefore the agreement should be deemed void, and Hy-Octane should be awarded damages. As the defendant in the Lafayette Parish suit, G & B filed a declinatory exception of is pendens or, alternatively, a declinatory exception of venue. After a hearing, the trial court denied both exceptions. G & B sought supervisory relief from this ruling. This court stayed all non-discovery proceedings in the Lafayette Parish action.
In the Rapides Parish action Hy-Octane filed a declinatory exception of venue on February 12, 1997, which was denied on March 31, 1997. In a separate writ application Hy-Octane then sought supervisory relief from this court on that ruling. The two writ applications were consolidated. We ordered briefs and called both cases up for a full opinion.

VENUE
We will discuss the second writ, W97-892, first. Hy-Octane argues that venue is proper in Lafayette Parish pursuant to La. Code Civ.P. art. 80(A)(1), which provides for venue in the parish where immovable property is located when a right in, to, or against the immovable property is asserted. Hy-Octane's basis for this argument is that G & B has asserted an interest in the convenience and retail store in Lafayette by claiming that it had the exclusive right to supply "all motor fuels used by, sold by or held for sale by Hy-Octane at its Ambassador Caffery store." In further support of its argument Hy-Octane points to G & B's allegation that by virtue of a lease of the location from Hy-Octane, "Venture Energy, L.L.C .... succeeded Hy-Octane as operator of the convenience and retail gasoline store at that location."
As the court of appeal found in Reliance Trust v. Texas Gas Transmission, 499 So.2d 202 (La.App. 2 Cir.1986), the agreement between the parties concerns a movable, motor fuel. G & B is not asserting a right in the store itself. It is asserting a right to sell motor fuels for use at the store. Hy-Octane has failed to show that venue under Article 80 is proper.
However, venue under La.Code Civ.P. art. 76.1 would be proper as to either Rapides Parish or Lafayette Parish. Article 76.1 involves an action on a contract and states, "An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract."
Rapides Parish is the parish where G & B executed the contract. Also, the motor fuel was to be delivered in Lafayette Parish. For these reasons venue is proper in either parish. The trial judge in Rapides Parish was correct in denying the exception of venue. We will render a separate judgment on this writ application, denying it.

RECONVENTIONAL DEMAND
G & B was the first to file suit in this case. The suit was filed in Rapides Parish. G & B alleges that pursuant to La.Code Civ.P. art. 1061, Hy-Octane had to file its claim for breach of the agreement as a compulsory reconventional demand in the Rapides Parish suit. We agree, and we will grant this writ application.
Article 1061 provides:
A. The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.
B. The defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103, shall assert *1060 in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
The doctrine of res judicata was substantially changed by La. Acts 1990, No. 521, effective January 1, 1991. Several code articles were amended in order to effectuate this change. Article 1061 was one of the articles that was amended. The purpose of the change in the doctrine of res judicata was to require the plaintiff "to seek all relief and to assert all rights which arise out of the same transaction or occurrence." Comment (a) to La.R.S. 13:4231. This serves the purpose of judicial economy and fairness. The focus is on the transaction or occurrence as opposed to a cause of action. See Comment (a) to La.R.S. 13:4231.
In furtherance of this objective, judicial efficiency is also served "by requiring the defendant through a compulsory reconventional demand to assert all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiff's action." Comment (a) to Article 1061.
There are no Louisiana cases that discuss the issue of whether two claims that arise out of the same contractual agreement arise out of the same transaction or occurrence.
The term "transaction or occurrence" is used in seven articles of the Code of Civil Procedure. In addition to its use in Article 1061, it is found in Article 425, which deals with preclusion by judgment; it is used in Articles 531 and 532, both dealing with lis pendens; in Article 891, the term enumerates one of the required formalities of a petition; in Article 1071 it defines the parameters of a cross-claim; and in Article 4845, the term helps define the jurisdictional limits of city and parish courts. Another provision, Article 1153, uses the slightly different expression "conduct, transaction, or occurrence" as part of the formula for when an amendment to a pleading relates back for prescription purposes.
Although none of these articles specifically define the expression "transaction or occurrence," they variously equate the term with "the subject matter of the litigation" (Articles 425 & 891), "the subject matter of the principal action" or "principal demand" (Article 1061 & 4845), and "the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action" (Article 1071). What the transaction or occurrence is that is the subject matter of the litigation, or the principal demand or action, or the original action, has been determined on a case-by-case basis, according to the annotations under these articles.
Some definitions are available, however. Black's Law Dictionary defines "transaction" as, inter alia, "a broader term than `contract,'" and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander, 414 F.2d 143 (6th Cir.1969).
Also, the federal courts have discussed the very issue before us in connection with Fed.Rule Civ.P. 13(a). Rule 13(a) concerns a compulsory counterclaim that must be asserted "if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim...." When an article of the Louisiana Code of Civil Procedure is based on a federal rule, decisions of the federal courts can be used for guidance. Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986).
In Centennial School Dist. v. Independence Blue Cross, 885 F.Supp. 683 (E.D.Pa. 1994), the court held that counterclaims asserted by a health insurer and others against *1061 a school district and others for defamation and tortious interference with contractual and business relationships arose out of the "transaction or occurrence" that was the subject matter of the school district's action under antitrust and state law. In that case it was found that all claims related to the contract between the parties and to comments allegedly made regarding termination of the contractual relationship.
In U.S. v. Hampton Tree Farms, Inc., 860 F.Supp. 741 (D.Or.1994), the court held that the government's claims for damages for timber buyers' default were compulsory counterclaims in the buyers' action for wrongful termination of contracts and for extensions of automatic termination dates where the contracting officers had issued final default decisions during the pendency of the buyers' action.
In the present case Hy-Octane's claim for breach of the motor fuel supply agreement arises out of the same contract that G & B asserts was wrongfully terminated by Hy-Octane and its successor, Venture Energy. This clearly involves the same transaction or occurrence, the contract, that is the subject matter of G & B's suit. As such, Hy-Octane must assert its claim by a reconventional demand to G & B's suit in Rapides Parish. Judicial efficiency is thereby served.
Hy-Octane also argues that the action is not between "the same parties" since Venture Energy is a defendant in the Rapides Parish action but not involved in the Lafayette Parish action. However, Hy-Octane's argument is misplaced in the present case. La.Code Civ.P. art. 531, dealing with lis pendens, is the article which requires that the suits be between the same parties in the same capacities. This is so because "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed...." Article 531. It makes no difference for a compulsory reconventional demand by a defendant if there are additional parties involved. A defendant must assert a reconventional demand if it arises out of the transaction or occurrence of the principal demand by the plaintiff.
We find that for complete resolution of all matters concerning the contract, Hy-Octane is required to assert its claim for breach of contract by reconvention in the Rapides Parish action. As discussed earlier, venue is proper in Rapides Parish. Therefore, the trial court erred in not maintaining G & B's declinatory exception of lis pendens in the Lafayette Parish action.
For these reasons, the writ application in W97-28 is GRANTED AND MADE PEREMPTORY. The judgment denying G & B Oil Products, Inc.'s exception of lis pendens is reversed. The exception is maintained. Hy-Octane Investments, Ltd.'s petition in district court in Lafayette Parish is dismissed at its costs.