United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 04-30462

---

LOUISIANA SALE YARD, INC.,

Plaintiff-Appellant,

VERSUS

ASSOCIATES HOUSING FINANCE, LLC, ALABAMA LIQUIDATION & COLLECTION
AGENCY, INC. and J. MICHAEL LANGFORD,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana, Alexandria Division

---

(1:02-cv-164 )

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Louisiana Sale Yard, Inc. ("LSY") appeals
from the district court's decision dismissing its claims on the
grounds the claims are precluded by *res judicata*. We agree with
the district court and AFFIRM.

LSY entered a business agreement in 2001 with Defendants-
Appellees Associates Housing Finance, LLC, ("Associates"), Alabama
Liquidation and Collection Agency, Inc. ("ALC"), and Michael

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Langford (collectively, "Appellees"). By this agreement, Appellees, through repossession operations, provided mobile homes to LSY for resale with a commission for LSY. No written contracts accompanied the agreement between the parties. Based upon this arrangement, LSY engaged with Appellees in a number of transactions related to the sale and purchase of mobile homes.

In December 2001, LSY initially sued Appellees in three separate redhibition causes of action in Louisiana state court. Each complaint was based upon a separate mobile home purchase. LSY complained that Appellees knowingly failed to provide clear and merchantable title, precluding LSY from selling to a third party. LSY sought recision of the sale or reduction in price. The three suits were consolidated. Titles were ultimately provided during the litigation, and LSY's damages were limited to those based upon delay. The state matter went to trial in April 2003, and the state court issued judgment on August 15, 2003, awarding LSY damages.

On July 15, 2002, LSY sued Appellees in Louisiana court for cumulative damages to its business, based upon failure to provide merchantable title in some 24 cases of mobile home transactions. Appellees removed the suit to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and filed a motion to dismiss on the basis of *res judicata*. The district court concluded, after applying Louisiana principles of *res judicata*, that the two causes of action arose out of the "same transaction or

2

occurrence," met the other requirements of *res judicata*, and therefore that *res judicata* barred the second, federal suit. *See* LA. REV. STAT. ANN. § 13:4231 (West 2004); *Hy-Octane Invs. Ltd. v. G & B Oil Prods. Inc.*, 702 So. 2d 1057, 1060 (La. Ct. App. 1997). The claims were dismissed and final judgment entered against LSY. LSY timely appealed.

We review *de novo* the propriety of the district court's grant of a motion to dismiss. *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 (5th Cir. 2002) (citations omitted). We have independently reviewed the briefs and relevant portions of the record, as well as considered the oral arguments of the parties. We AFFIRM the district court's judgment essentially for the reasons articulated in its memorandum opinion and order.

**AFFIRMED.**