984 So.2d 152 (2008)
LIBERTY BANK AND TRUST COMPANY
v.
Joan Miller Wife of/and Delmont O. DAPREMONT, Jr.
No. 2007-CA-0518.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 2008.
*153 Mark C. Landry, Newman Mathis Brady & Spedale, Metairie, LA, for Plaintiff/Appellee.
Patrick D. Breeden, New Orleans, LA, for Joan Miler, Wife of/and Delmonto O. Dapremont, Jr.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge MAX N. TOBIAS, JR.).
CHARLES R. JONES, Judge.
The Appellants, Joan Miller, wife of/and Delmont Dapremont, Jr., Elaine Dapremont Trotter and Hilda Palau Dapremont (hereinafter referred to as the "Dapremonts"), appeal a district court judgment dismissing their reconventional demand. Additionally, the Appellee, Liberty Bank and Trust Company (hereinafter referred to as "Liberty") filed an exception of no right of action in this Court. We affirm in part and remand in part.
The relevant facts are as follows.[1] On February 1, 2000, Liberty filed an executory petition against Delmont Dapremont, Jr., and Joan Miller Dapremont seeking to foreclose on property mortgaged by them. Liberty also filed a supplemental and amending petition for executory process that added Elaine Dapremont Trotter and Hilda Palau Dapremont as mortgagors who were also in default. The district court issued an order of seizure and sale of the property at issue.
In response, the Dapremonts filed a petition seeking to enjoin the sale, alleging that Liberty's verified petition and its attachments did not satisfy the law of executory process. The district court granted the Dapremonts' request for a preliminary injunction. On appeal, our Court ruled that Liberty had illegally seized the property and affirmed the district court's grant of a preliminary injunction.
On remand, Liberty filed a second supplemental and amending verified petition for executory process in the district court. The district court granted the seizure and sale in March of 2002. Subsequently, the Dapremonts filed their second petition for a preliminary injunction and a motion for contempt. The district court again issued *154 a preliminary injunction against Liberty, but denied the Dapremonts' motion for contempt. Liberty again appealed the district court's judgment. Our Court reversed the district court's grant of a preliminary injunction.
On October 13, 2005, the Dapremonts filed a Second Supplemental and Amended Petition for an Order Suspending the Seizure and Sale and/or a Petition for a Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or for Return on Property.
After filing an exception of res judicata in response to the Dapremont's reconventional demand, Liberty filed an ex parte motion to dismiss with prejudice.[2] In its motion, Liberty averred that the parties had resolved their dispute as to the sum owed to Liberty. Liberty had been paid by the duly appointed trustee of the bankruptcy estate of Delmont O. Dapremont, Jr.[3] The district court granted the motion and dismissed the case with prejudice.
Nevertheless, the Dapremonts' reconventional demand was still pending at the time the district court granted Liberty's dismissal. The Dapremonts filed a motion for new trial and/or clarification addressing the issue of whether their reconventional demand had been dismissed pursuant to the court's order. The district court granted the Dapremont's motion and issued a judgment dismissing this action without prejudice.
The sole issue that the Dapremonts raise on appeal is whether the district court erred in dismissing their reconventional demand for damages where the issue has been joined by an ex parte order.
A district court's ruling on a motion to dismiss is reviewed on appeal pursuant to an abuse of discretion and manifest error standard of review. Lemaire v. Estate of Harrington, 97-256 (La.App. 3 Cir. 10/8/97), 701 So.2d 484, 486 (citing Hebert v. Southwest La. Elec. Mem. Corp., 95-405 (La.App. 3 Cir.1995), 667 So.2d 1148, 1156, writs denied, 96-0277 (La.5/17/96), 673 So.2d 607; 96-0798 (La.5/17/96), 673 So.2d 608).
The Dapremonts contend that the district court's dismissal of their reconventional demand amounts to a violation of their due process rights because the district court neither heard arguments on nor ruled on said demand. They maintain that Liberty had a right to dismiss its executory process case.
Liberty maintains that pursuant to La. C.C.P. art. 1039, it could dismiss its principal demand without affecting the Dapremonts recoventional demand as the Dapremonts filed their reconventional demand prior to Liberty filing its motion for dismissal.
La.C.C.P. art. 1039 states:
If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.
The Supreme Court addressed a similar situation in Donnell v. Parrott, 10 La.Ann. 703, 1855 WL 4727 (La.1855). In Donnell, the plaintiff sued defendants for a debt *155 alleged to be due. One of the defendants, reconvened, denying indebtedness, and alleging that the plaintiff was in fact her debtor. The parties went to trial upon the issue, and, the plaintiff moved to discontinue the suit. The district court granted the motion and ordered that the suit be dismissed. The defendant filed an appeal from the judgment because the district court did not reserve her right to prosecute her reconventional demand.
The Louisiana Supreme Court affirmed the judgment of the district court insofar as it dismissed the plaintiff's demand. However, it annulled and reversed the dismissal of the reconventional demand and remanded the reconventional demand back to the district court for further proceedings.
In the instant case, the Dapremonts filed their reconventional demand prior to Liberty filing its motion to dismiss. Additionally, pursuant to La. C.C.P. art. 1039, Liberty was not precluded from dismissing its claim against the Dapremonts. However, the Dapremonts incidental demand must be tried and decided independently of the principal action and cannot be dismissed with the principal action because it was lodged prior to Liberty filing its motion for dismissal. La. C.C.P. art. 1039; see also Francis v. Hotard, XXXX-XXXX, p. 5 (La.App. 1 Cir. 3/30/01), 798 So.2d 982, 986.
Moreover, La. C.C.P. art. 1915(B)(2) provides that when a court renders a partial judgment, but does not designate it as such:
. . . any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment of the district court, however, did not make it clear that it was solely dismissing Libertys principal demand. The district court was in a superior position to remedy this situation by rendering a judgment that dismissed the principal demand, yet reserved the Dapremonts reconventional demand. Therefore, while the district court properly dismissed Libertys claim, it erred in not issuing a judgment that reserved the Dapremonts reconventional demand. Therefore, we find that the Dapremonts assignment of error has merit. We affirm the district courts dismissal of Libertys claim, and in all other respects, we remand this matter to the district court for the Dapremonts reconventional demand to be heard.
With regard to Libertys exception of no right of action, we decline to review this exception, and hereby remand it to be heard by the district court.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed in part and reversed in part. Lastly, Liberty Banks exception of no right of action is remanded.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
NOTES
[1] The facts of this case have been recounted in part in Liberty Bank and Trust Co. v. Dapremont, 2000-2146 (La.App. 4 Cir. 12/12/01), 803 So.2d 387, rehearing denied (Jan. 18, 2002) and Liberty Bank and Trust Co. v. Dapremont, XXXX-XXXX (La.App. 4 Cir. 2/11/03), 844 So.2d 877, rehearing denied (Apr. 30, 2003). As the issue in the instant case is procedural, only those facts relevant to the issues raised on appeal are recounted herein.
[2] The record does not indicate that the district court ruled on Liberty's exception of res judicata.
[3] According to Liberty, Mr. Dapremont's bankruptcy trustee sold and assigned to Liberty any and all claims that Mr. Dapremont had against Liberty in the United States Bankruptcy Court, Southern District of Alabama. We find no evidence of this in the record on appeal.