BONIN, Judge.
 

 | t Cynthia Burthlong devolutively appeals the judgment dismissing without prejudice her reconventional demand against her former creditor, Midland Funding, L.L.C. (“Midland”). For the reasons set forth below, we affirm the judgment of Second City Court of the City of New Orleans.
 

 FACTS OF THE CASE
 

 Ms. Burthlong had two credit card accounts on which she was indebted to Midland. On May 9, 2007, its attorneys filed suit No. 07-114 in Second City Court of the City of New Orleans to collect one of the debts, $2,969.93 plus interest, attorney’s fees, and court costs, and later filed suit No. 07-198 to collect the other debt. For suit No. 07-114, Ms. Burthlong obtained counsel through the New Orleans Pro Bono Project, a program which relies upon volunteer attorneys to provide legal services in civil cases to disadvantaged persons unable to afford a private attorney.
 
 [1]
 

 |2Ou July 16, 2007, Ms. Burthlong’s attorney filed an exception of vagueness but did not set the exception for hearing.
 
 [2]
 
 On September 10, 2007, Midland filed a motion to set the exception for contradictory hearing, which was set for October 20, 2007. Whether she was represented by her
 
 pro bono
 
 attorney in both cases was disputed between counsel in the proceedings below.
 

 On October 15, 2007, Ms. Burthlong telephoned the office of Midland’s attorneys and asked an office clerk for the amounts of money owed in both lawsuits so that she could pay the sums and resolve the cases. The clerk supplied the information for both suits. On October 30, 2007, the hearing on the exceptions was held. On October 23, 2007, Ms. Burthlong paid the entire sums owed on both lawsuits and accounts.
 
 [3]
 
 Thereafter, Midland filed a motion to dismiss with prejudice in Case No. 07-198, which is not part of this appeal.
 

 
 *556
 
 On October 29, 2007, Midland also filed an
 
 ex parte
 
 motion to dismiss Case No. 07-114 with prejudice on the basis of settlement. The court signed that order of dismissal with prejudice on November 8, 2007. In the interim, however, Ms. Burth-long filed a reconventional demand in Case No. 07-114 on November 2, 2007.
 

 On November 26, 2007, in response to the reconventional | ^demand, Midland filed an exception and, alternatively, a motion to dismiss the reconventional demand. On January 24, 2008, the trial court maintained the exception, holding as follows:
 

 The Court finds that all pending matters in this case were dismissed by the Judgment of Dismissal dated November 9, 2007. The dismissal was clearly based on a mutual agreement between the parties and it was not a case of the plaintiff merely deciding to end its pursuit of the defendant. The Court does not believe that the parties intended to end only the plaintiffs case and to allow the defendants to move forward with its reconventional demand.
 

 Ms. Burthlong filed a motion for new trial. On July 8, 2008, the trial court denied the motion, stating: “[T]he record ... including Ms. Burthlong’s own recon-ventional demand ... admits that a settlement was reached.”
 

 From that judgment Ms. Burthlong filed this appeal, asserting that the trial court erred in dismissing her reconventional demand without prejudice, which was filed after original plaintiffs motion to dismiss but before the order was signed by the trial court.
 
 [4]
 

 II. LAW
 

 We review the trial court’s ruling on a motion to dismiss under the abuse of discretion and manifest error standard of review.
 
 Liberty Bank and Trust Company v. Dapremont,
 
 07-0518, p. 3 (La.App. 4 Cir. 4/16/08), 984 So.2d 152, 154.
 

 La. C.C.P. art. 1061 was amended by La. Acts 1990, No. 521,
 
 to
 
 require “the defendant through a compulsory reconven-tional demand to assert all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiffs action.” Comment (a) to Article 1061. |4The definition of “transaction or occurrence” has been variously interpreted in the La. Code of Civil Procedure, BLACK’S LAW DICTIONARY, and federal jurisprudence interpreting Fed.R.Civ.P. 13(a), on which article 1061 is based. The Third Circuit in
 
 Hy-Octane Investments, Ltd,, v. G & B Oil Products, Inc.,
 
 97-28, (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, stated: “It makes no difference for a compulsory re-conventional demand by a defendant if there are additional parties involved. A defendant must assert a reconventional demand if it arises out of the transaction or occurrence of the principal demand by the plaintiff.”
 
 Id.,
 
 97-28 at p. 8, 702 So.2d at 1061. Ms. Burthlong’s reconventional demand is against only Midland, but her claims are based in part on the actions of the attorneys representing Midland. However, in addition to the monetary relief she seeks by way of her claim of duress against Midland, Ms. Burthlong alleges and cites ethical and professional violations committed by Midland’s attorneys.
 

 Although the reconventional demand may be compulsory pursuant to La. C.C.P. art. 1061, it was filed too late to avoid being dismissed in the instant case.
 

 La. C.C.P. art. 1039 states:
 

 If an incidental demand has been pleaded prior to motion by plaintiff in the
 
 *557
 
 principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.
 

 This article sets forth the pertinent requirement for timely filing a reconventional demand: one that has been “pleaded prior to motion by plaintiff in the principal action to dismiss the principal action ... must be tried and decided independently | sof the principal action.” (Emphasis added).
 
 See Liberty Bank, supra,
 
 07-0518 at p. 4, 984 So.2d at 154-55. It is irrefutable that Ms. Burthlong filed her reconventional demand after Midland’s motion to dismiss its suit was filed albeit before the court signed the order of dismissal.
 

 Ms. Burthlong argues that her recon-ventional demand specifically alleges that the settlement and funds were obtained as a result of duress, which is an error of cause that, if proved, is grounds for having the payment declared null and void, and the trial court should have allowed Ms. Burthlong to amend her reconventional demand to describe the alleged duress with specificity and particularity, pursuant to La. C.C.P. art. 934.
 

 The trial court considered the reconven-tional demand when it heard Midland’s exception as defendant-in-reconvention to the reconventional demand.
 
 [5]
 
 The court, noting that it was not the appropriate forum for resolving certain of the reconven-tional demand’s claims which sound in attorney discipline complaints, fashioned an appropriate remedy: it dismissed the re-conventional demand
 
 without prejudice, see
 
 La. C.C.P. arts. 1673 and 1844, leaving open alternatives to Ms. Burthlong for filing claims pursuant to federal law, in state or federal district court, and for filing a new suit in the trial court.
 
 [6]
 

 hill. DECREE
 

 In applying the provisions of La. C.C.P. art. 1039, the trial court did not err. Accordingly, the judgment dismissing Ms. Burthlong’s reconventional demand without prejudice as of non-suit is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Counsel for Ms. Burthlong contends that Midland's counsel and he had communicated orally and he made clear that he was representing Ms. Burthlong in both matters despite formal appearance only in the record of case No. 07-198.
 

 [2]
 

 . La. C.C.P. art. 4903 requires dilatory or declinatory exceptions and the answer to be filed at the same time in courts of limited jurisdiction such as Second City Court. Peremptory exceptions can be filed at any time.
 
 Compare
 
 La. C.C.P. arts. 928 and 1001 for filings of exceptions in district courts.
 

 [3]
 

 .A crucial issue in the dispute between counsel was the open offer counsel for Midland had made to Ms. Burthlong's attorney, about two-thirds of the sum of indebtedness. The direct communication with his client by Midland representatives, who told Ms. Burthlong she owed the entire sum, which she paid, is the gravamen of the ethical violations issue which caused Ms. Burthlong to make a bad deal and allowed Midland to benefit from it.
 

 [4]
 

 , Midland neither appealed the dismissal without prejudice nor answered the appeal.
 

 [5]
 

 . The reconventional demand alleged duress and attorney ethics violations.
 

 [6]
 

 . Judge Norman added a footnote to the January 24, 2008, judgment: "The fact that the Court is dismissing this matter does not mean that the Court takes the allegations made by Ms. Burthlong’s attorney lightly. To the contrary, the Court takes them very seriously, but does not believe it is empowered to rule on them. The Court wishes to make it vety clear that it is dismissing these claims without prejudice and that Ms. Burthlong is free to bring her case to the proper authority via proper means.”