TONJA JONES          *       NO. 2020-CA-0582

VERSUS              *

                             COURT OF APPEAL

MARIA CISNEROS,        *
DELGADO COMMUNITY             FOURTH CIRCUIT
COLLEGE, AND LOUISIANA    *
COMMUNITY AND              STATE OF LOUISIANA
TECHNICAL COLLEGE     * * * * * * *
SYSTEM

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09448, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase, Judge
Dale N. Atkins)

James M. Williams
Erin B. Rigsby
Phillip J. La Borde
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

       COUNSEL FOR PLAINTIFF/APPELLANT

Amber Mandina Banin
Assistant Attorney General/Lead Appellate Counsel
Wm. David Coffey
Assistant Attorney General/Appellate Counsel
Kristian B. Dobard
Assistant Attorney General/Trial Counsel
LOUISIANA DEPARTMENT OF JUSTICE, LITIGATION DIVISION
1450 Poydras Street, Suite 900
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLEE

                            **REVERSED AND REMANDED**
                            **APRIL 07, 2021**

Tonja Jones (hereinafter "Ms. Jones") seeks review of the trial court's June 9, 2020 judgment granting the State of Louisiana, through the Board of Supervisors of Community and Technical Colleges, and Maria Cisneros' (hereinafter collectively "defendants") motion to dismiss. After consideration of the record before this Court and the applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In order to undergo a medical procedure, Ms. Jones requested medical leave from her employer, Delgado Community College, pursuant to the Family and Medical Leave Act. She was granted medical leave from March 25, 2014 to May 6, 2014. On April 23, 2014, Maria Cisneros[1] (hereinafter "Ms. Cisneros") inquired as to when Ms. Jones would return to work. Ms. Jones ultimately returned to work on May 13, 2014. Ms. Jones contends that she returned to a hostile work environment created by Ms. Cisneros, which required intervention from her employer's human resources department. On March 10, 2015, after a meeting with human resources

_____

[1] Ms. Cisneros was Ms. Jones' supervisor at Delgado Community College.

1

and the campus dean, Ms. Jones resigned from her position as Assistant Registrar at Delgado Community College.[2]

On September 19, 2018, Ms. Jones filed a petition for damages alleging violations of the Americans with Disabilities Act (hereinafter "ADA"), retaliation and general negligence. Ms. Jones named as defendants Ms. Cisneros, Delgado Community College and Louisiana Community and Technical College System. In response, defendants filed exceptions of lack of subject matter jurisdiction, lack of procedural capacity and prescription. Defendants also raised an exception of no cause of action arguing that "Delgado Community College" and "Louisiana Community and Technical College System" were not juridical entities capable of being sued. Defendants further maintained that no cause of action existed regarding the ADA claims against Ms. Cisneros individually.

On March 9, 2019, Ms. Jones filed a first supplemental and amended petition for damages contending that Ms. Cisneros penalized her for not returning to work sooner following her approved medical leave. Ms. Jones maintained that Ms. Cisneros inflicted detrimental and retaliatory treatment on her because she complained to human resources about Ms. Cisneros' comments and treatment and that Ms. Cisneros' treatment resulted in a hostile work environment which forced Ms. Jones' resignation.

A hearing was held on the exceptions on May 24, 2019, and the parties entered into a consent judgment. By judgment dated June 10, 2019, the parties consented to granting the exceptions of lack of subject matter jurisdiction; lack of

---

[2] On December 29, 2015, Ms. Jones filed a formal grievance with the Equal Employment Opportunity Commission.

procedural capacity; no cause of action regarding the ADA claims[3]; and prescription regarding Ms. Jones' state law claims. The consent judgment also ordered Ms. Jones to amend her petition for damages within twenty-one days from the date of signing of judgment.

On September 24, 2019, Ms. Jones filed a second supplemental and amended petition for damages clarifying her allegations of retaliation and involuntary resignation.[4] In response, defendants filed a motion to dismiss, or alternatively, exceptions to the second supplemental and amended petition for damages. Defendants maintained that Ms. Jones' second supplemental and amended petition for damages was untimely because it was filed beyond the twenty-one days ordered in the consent judgment. Defendants also argued that Ms. Jones' second supplemental and amended petition for damages failed to state a cause of action and any claim under this theory is prescribed. The matter was heard by the trial court on May 29, 2020. By judgment dated June 9, 2020, the trial court granted the motion to dismiss. The trial court reasoned that the second supplemental and amended petition for damages was untimely because it was filed beyond the twenty-one days provided for in the consent judgment. This appeal followed.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a motion to dismiss under an abuse of discretion and manifest error standard of review. *Liberty Bank And Tr. Co. v. Dapremont*, 2007-0518, p. 3 (La.App. 4 Cir. 4/16/08), 984 So.2d 152, 154.

_____

[3] The consent judgment failed to specify which ADA claims applied to the granting of the exception of no cause of action.

[4] Ms. Jones filed a third supplemental and amended petition for damages on March 12, 2020.

3

# DISCUSSION

In her sole assignment of error, Ms. Jones asserts the trial court erred in dismissing all claims against defendant, with prejudice, for failing to timely file the second supplemental and amended petition for damages. She argues that the provisions of the consent judgment were ambiguous and resulted in the untimely filing of the second supplemental and amended petition for damages. Additionally, Ms. Jones asserts that dismissal of all claims eliminates any viable ADA claim remaining against the Board of Supervisors.

Conversely, defendants contend that dismissal was appropriate pursuant to La. C.C.P. art. 934 because Ms. Jones failed to amend the petition for damages within the timeframe agreed upon and ordered in the consent judgment. La. C.C.P. art. 934 provides,

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The June 10, 2019 consent judgment granted the exceptions and ordered Ms. Jones to amend her petition for damages within twenty-one days of the signing of judgment. We recognize that La. C.C.P. art 934 permits dismissal of Ms. Jones' petition for damages for failure to comply with the trial court's order to amend; however, dismissal is discretionary. "The language of La. [C.C.P.] art. 934 and Louisiana jurisprudence reflect that the lapse of the time to amend does not automatically result in dismissal of the plaintiff's claims; rather, some action on behalf of the trial court or defendants is required." *Henry v. Board of Supervisors of Louisiana Cmty. & Technical Coll. Sys.*, 2019-1672, pp. 7-8 (La.App. 1 Cir.

4

9/18/20), -- So.3d--, 2020 WL 5587220 at *4. "[E]ven if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for procedural dismissal." *Id.*

In the case *sub judice*, Ms. Jones filed her second supplemental and amended petition for damages on September 24, 2019. Pursuant to the consent judgment, Ms. Jones had until July 1, 2019 to file the second supplemental and amended petition for damages and therefore, the defendants were in a position to seek dismissal immediately after that date. The defendants did not file a motion to dismiss until December 13, 2019, and the motion was filed in opposition to Ms. Jones' second supplemental and amended petition for damages. Since the second supplemental and amended petition for damages was filed approximately three months before the motion to dismiss, it was within the trial court's discretion to determine whether or not to grant the motion to dismiss. *See Id.* Louisiana jurisprudence has consistently recognized that dismissal of a plaintiff's claim is the harshest of remedies. *Delacruz v. Anadarko Petroleum Corp.*, 2014-0433, p. 7 (La.App. 4 Cir. 12/3/14), 157 So.3d 790, 794. Dismissal of a suit is a draconian penalty that is only reserved for extreme circumstances and the most culpable conduct. *See Horton v. McCary*, 1993-2315 (La. 4/11/94), 635 So.2d 199, 203. Considering that defendants only sought dismissal in response to Ms. Jones' filing of the second supplemental and amended petition for damages, we find the trial court abused its discretion in granting the motion to dismiss due to Ms. Jones' untimely filing.

In granting defendants' motion to dismiss, the trial court noted that it was doing so because Ms. Jones' second supplemental and amended petition for damages was untimely filed. The trial court also pointed out that the case would

5

have been dismissed through the granting of the exceptions of no cause of action and prescription. However, the trial court stated that the granting of the exception of no cause of action would have specifically pertained to ADA claims against Ms. Cisneros individually. It is unclear whether the granting of the exception would have also included ADA claims against the Board of Supervisors. "[A] trial judge cannot dismiss a suit without prejudice [if] substantive rights acquired by the plaintiff would thereby be lost." *First City Bank v. Lee*, 576 So.2d 544, 545 (La.App. 4th Cir. 1991) (quoting *Rourke v. Coursey*, 338 So.2d 1197 (La.App. 3rd Cir. 1976)). The substantive rights at issue are the potential ADA claim Ms. Jones would have against the Board of Supervisors. *See Zeno v. HWT Properties*, 1994-2206, p. 4 (La.App. 1 Cir. 6/23/95) 657 So.2d 1063, 1065 ("The ADA…is substantive in nature… .") By dismissing the suit in its entirety, the trial court dismissed any potential claims that would have survived the granting of the exceptions. Under these circumstances, we find the trial court abused its discretion in granting the motion to dismiss.

## DECREE

Based on the record before this Court, we find the trial court abused its discretion and erred in granting defendants' motion to dismiss. Accordingly, the judgment of the trial court is reversed and the matter remanded for further proceedings.

**REVERSED AND REMANDED**