ROBERT A. CHAISSON, Judge. ■
| {.Treen Construction Company (“Treen”) appeals a judgment of the district court granting Stephen Schott’s motion to strike Treen’s supplemental and amending petition and denying Treen’s motion for leave of court to file a second supplemental and amending petition; For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
On November 6, 2000, Treen contracted with Stephen Schott and his wife, Pamela Keenan, to construct a new-house for them. Disputes between the parties concerning construction defects and deficiencies resulted in a lawsuit being filed by the Schotts in 2001. That suit was later abandoned by the Schotts. On June-7, 2011, Treen filed a petition for arbitration seeking to have the disputes with the Schotts settled through arbitration rather than litigation.[1] On January 30, 2015, there was a trial on the merits of Treen’s petition. At the conclusion of the trial, the court ruled from the bench in favor of Mr. Schott and dismissed the petition with | ¡¡prejudice, finding that the arbitration provision of the construction contract did not apply to the disputes in question; On February 6, 2015, Treen obtained an ex-parte order allowing it to file a supplemental and amending petition stating a claim for breach of contract regarding the" construction work completed in 2002. On February 9, 2015, the court signed a judgment consistent with its January 30, 2015 ruling from the bench dismissing Treen’s petition for arbitration with prejudice. On February 13, 2015, Mr. Schott filed a motion to vacate the trial court’s February 6, 2015 ex-parte order and/or strike the supplemental and amending petition. That motion was granted by the trial court on April 6, 2015, vacating and setting aside the ex-parte order and striking Treen’s supplemental and amending petition. At the same time the trial court also denied a motion for leave to amend the petition which had been filed by Treen. Treen then filed &' motion for new trial, which was denied by the trial court on June 15, 2015, after a hearing on the matter. On June 18, 2015, Treen filed its appeal of the April 6, 2015 judgment. On August 28, 2015, Mr. Schott filed a motion to dismiss Treen’s appeal.
LAW AND ANALYSIS
In his motion, to dismiss, Mr. Schott contends that the trial .court’s February 9, 2015 judgment was the final judgment in the case, and. that Treen’s filing of the supplemental and amending petition via ex-parte order, rather than by a separate written motion and contradictory hearing, was improper procedure. He argues, therefore, that Treen should have appealed the February 9, 2015 judgment or filed a *359 motion for new trial, and that the April-6, 2015 ruling denying leave to amend the petition and vacating the February 6, 2015 ex-parte order constitutes an interlocutory judgment that is not subject to review on appeal.
Treen responds that the February 9, 2015 judgment was not a final judgment for several reasons; First, it contends that the judgment was not final because it did 14not decide the merits of Treen’s contract claim, it merely determined that the claim was not arbitrable. ' Second, it contends that since the court had already granted Treen leave to file’ its supplemental and amending petition on February 6, 2015, the February 9, 2015 judgment dismissing the petition for arbitration did not end the litigation.
In support of its first argument, Treen cites the case of Arkel Constructors v. Duplantier & Meric, 06-1950 (La.App. 1 Cir. 7/25/07), 965 So.2d 455, for the proposition that a “ruling denying arbitration appears to be, by definition, an interlocutory ruling — one that does not determine the merits, but only preliminary matters in the course of the action.” Arkel, at 458. However, the procedural posture of the Arkel case is clearly distinguishable from the case before us. In Arkel, a general contractor (Arkel) brought suit relating to a construction contract against the owner of the project, its structural engineering and architectural firms, and various insurers, alleging that Arkel’s performance had been delayed due to the fault of those parties. One of Arkel’s subcontractors, PCS, brought a separate suit against Arkel for monies that it alleged Arkel owed it under the subcontract. Those two suits were consolidated by consent judgment. Subsequently, PCS filed an exception of prematurity and a motion to compel arbitration arguing that the arbitration clause in the subcontract required parties seeking compensation • and/or-damagés as a result of the-work to submit their claims to arbitration. The ! trial ■ court, finding ■ that PCS’s- filing of its own lawsuit prior to seeking arbitration had-waived its right to arbitration, denied the motion to compel arbitration. PCS' appealed from that judgment. -
The court of appeal found that the ruling denying the motion to compel arbitration was ah interlocutory ruling and, on its own motion, noted' the potential jurisdictional issue regarding the appealability of an interlocutory ruling. | ¿However, in Arkel, it is clear that the ruling denying the motion to compel arbitration was not a final judgment because the' claims for damages of both Arkel' and- PCS remained outstanding after the' trial -court’s ruling regarding arbitration. Such is not the case in the matter before us.
A reading of Treen’s petition for arbitration clearly reveals that the only cause of action asserted by Treen in its petition was to compel-the Schotts -to submit to arbitration. Treen did not assert a cause of action for damages for breach of contract, or any other cause of action. The only issue tried to the trial court was whether the parties must- submit to arbitration, and the trial court resolved that issue, the sole cause of action alleged in Treen’s petition, and dismissed Treen’s case with prejudice. “A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” • La. C.C,P. art. 1673. After the trial court’s judgment dismissing Treen’s case with prejudice, there was no longer , a pending claim that Treen could seek to amend. Treen’s -options at that juncture were to either file a motion for new trial, or to appeal the final judgment denying arbitration. Treen did neither.
Treen next argues that since the court had already granted Treen- leave to file its *360 amended petition on,February 6, 2015, the February 9, 2015 judgment dismissing, the petition for arbitration did not end the litigation. Treen contends that.because of its outstanding supplemental and amending petition, that the litigation wa§ not terminated until the trial court’s April 6, 2015 judgment that vacated the ex-parte order allowing the filing of the amended petition and denying Treen leave of court to file an amended petition. Treen acknowledges that a denial of a motion for leave to amend is not ordinarily classified as a final judgment for purposes of appeal, but argues that special circumstances in this case created an exception to the general rule because the trial court, before signing the February 9, [ fi2015 judgment dismissing Treen’s. _ petition, had already granted leave through ex-parte order on February 6, 2015, for Treen to file an amended petition. We find no merit to Treen’s argument.
The final judgment in this case is the February- 9, 2015 judgment which dismisses with prejudice Treen’s petition for arbitration. La. C.C.P. art. 1151 requires that any plaintiff seeking to amend his petition after the defendant has filed his answer may do so only, by leave of court or by written consent of the adverse party. Treen did not file a motion for leave of court to amend or supplement its petition, but instead attached an ex-parte order to the end of its supplemental and amending petition. As stated by La. C.C.P. art. 961, an application to the court for an'order shall be'by written motion, unless made during trial or hearing in open court. A review of the transcript of the January 30, 2015 trial shows that while Treen’s counsel made mention of amending the petition, no motion for leave to amend the petition was made at that time, and the trial court did not grant leave of court to amend. Furthermore, Treen did not give notice to Mr. Schott of its attempt to file a supplemental and amending petition, and did not request a ■ contradictory hearing. The trial court therefore properly vacated the February 6, 2015 ex-parte order. The improperly filed supplemental and amending petition can have no effect on the finality of the February 9, 2015 judgment.
Lastly, .we note that even if we were to convert Treen’s appeal of the April 6, 2015 judgment to a writ application and review it as an untimely filed writ application, we find no error in-the trial court’s, denial of Treen’s motion to amend and supplement its petition. We agree with the trial court’s conclusion that once Treen’s petition was dismissed with prejudice on February-9, 2015, it was a final judgment in the case and there was nothing remaining for Treen to amend or supplement; Treen’s motion was-therefore properly denied.
LDECREE
Finding that we have no appellate jurisdiction to review the interlocutory ruling of April- 6, 2015; we dismiss this appeal at appellant’s cost-.
APPEAL DISMISSED.

. Mrs. Schott was named as a defendant in this lawsuit; however, she was subsequently dismissed from the case pursuant to a motion for involuntary dismissal granted on March 5, 2013, due to Treen’s failure to request service of process on her within 90 days of the commencement of the action.