# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-967

NEWMAN HOFFOSS & DEVALL, LLP,
AND HOFFOSS & DEVALL, LLC

VERSUS

RALEIGH NEWMAN, APLC

**********

ON APPLICATION FOR SUPERVISORY WRITS OF REVIEW
FROM THE FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13-3389
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Marc T. Amy, Phyllis M. Keaty, and David E. Chatelain,[*] Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

Barry A. Roach
Larry A. Roach, Inc.
2917 Ryan Street
Lake Charles, Louisiana  70601
(337) 433-8504
Counsel for Relator:
    Raleigh Newman, APLC

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Russell J. Stutes, Jr.**
**Shelley Bouillion**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0022**
**Counsel for Respondents:**
   **Newman, Hoffoss & Devall, LLP**
   **Hoffoss & Devall, LLC**

**KEATY, Judge.**

Defendant-Relator, Raleigh Newman, APLC, seeks supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Clayton Davis presiding, which denied Relator's Notice and Exception of Lis Pendens and which ordered the Clerk of Court for Calcasieu Parish to "cancel and discharge of record[] a Notice of Lis Pendens . . . filed in the Mortgage Records" and which "expressly requested, authorized, and directed [the Clerk of Court for Calcasieu Parish], by order of [the] Court to cancel the recordation of the aforementioned Notice of Lis Pendens by virtue of this order and upon submission of the requisite cancellation form submitted by counsel for Plaintiffs." For the following reasons, we grant the writ application, reverse the trial court's judgment denying the exception of lis pendens, and order the suit bearing district court docket number 2013-3389 dismissed without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant litigation and the connected litigation giving rise to the lis pendens issue arise out of an acrimonious demise of a law partnership. On April 1, 2013, Raleigh Newman[1] filed a petition, bearing the district court's docket number 2013-1538, seeking, in pertinent part:

> II. A temporary restraining order issue herein, without bond, enjoining and restraining each party to the agreement forming Newman, Hoffoss & Devall, LLP, or anyone acting on their behalf, from disposing of or altering in any way any client contracts, records or documents that pertain in any way to the partnership of Newman, Hoffoss & Devall, LLP and practice of law which existed since the formation of Newman, Hoffoss & Devall, LLP until such time that there is a formal accounting between the parties.

---

[1] Mr. Newman's appearance as Plaintiff in docket number 2013-1538 was only as an individual in the original petition. It was not until the filing of the second supplemental and amending petition on August 19, 2016, that Mr. Newman changed his designation into "Raleigh Newman, Individually and as Agent for Raleigh Newman, APLC."

III.    A rule issue herein ordering all parties to show cause on the date and hour to be set by this Honorable Court why a preliminary injunction and finally a permanent injunction should not issue herein in the form of the temporary restraining order described herein.

The caption to this petition names the Defendants as "HOFFOSS & DEVALL, LLC, et al[.]" Nowhere in the petition does it set forth who constitutes the "et al[.]" in the caption, and there is no specific paragraph of the petition which clearly sets forth the names of the Defendants. Instead, the petition states:

1.

On January 6, 2010, RALEIGH NEWMAN, APLC, a practicing attorney, entered into a partnership for the practice of law with Hoffoss & Devall, LLC, through its partners, J. Lee Hoffoss, Jr. and Claude P. Devall, Jr., which firm would be known as Newman, Hoffoss & Devall, LLP.

2.

On January 21, 2010, Newman, Hoffoss & Devall, LLP (N H D ) a Louisiana Limited partnership represented therein by all of its partners, Raleigh Newman, A Professional Law Corporation (RN) Hoffoss & Devall, LLC, a Louisiana Limited Liability Company; Hoffoss & Devall LLC (H & D), a Louisiana Limited Liability Company represented therein by all of its members, J. Lee Hoffoss, Jr. and Claude P. Devall, Jr., Raleigh Newman, A Professional Law Corporation (RN), a Louisiana Professional Law Corporation represented therein by its duly authorized president, Raleigh Newman, and C. Raleigh Newman, Sr., John Lee Hoffoss, Jr., and Claude Pierson Devall, Jr., individually, entered into an operating agreement for the operation of Newman, Hoffoss & Devall, LLP.

Raleigh Newman filed his First Supplemental and Amending Petition on July 15, 2013. This amended petition did not add or alter any parties to the suit; however, it added a claim for an accounting "between the parties as to a proper division of fees resulting from the partnership business as well as from the conduct of the individual partners of the partnership," and added to the prayer for relief that "[t]here should be a full accounting as outlined hereinabove."

On July 23, 2013, Newman, Hoffoss & Devall, LLP, a domestic limited liability partnership (hereinafter sometimes NHD), and Hoffoss & Devall, LLC, a domestic limited liability company (hereinafter sometimes HD), filed their Petition in Suit for Partnership Termination, and for Damages, and for Declaratory and Other Relief, which bears the district court's docket number of 2013-3389. The only defendant named in the suit is Raleigh Newman, APLC. This petition outlines the factual history of the creation of the NHD partnership and the disagreements giving rise to the end of the parties' business arrangement. In pertinent part, this petition prays for the following relief:

II. After due proceedings had, and the lapse of all legal delays, there be judgment herein in favor of **NEWMAN, HOFFOSS & DEVALL, LLP** and **HOFFOSS & DEVALL, LLC** and against defendant, **RALEIGH NEWMAN, APLC**, as follows:

A. Terminating **NEWMAN, HOFFOSS & DEVALL, LLP** effective January 1, 2012;

B. All fees paid to **RALEIGH NEWMAN, APLC** by **NEWMAN, HOFFOSS & DEVALL, LLP** after January 1, 2012 are to be returned to **NEWMAN, HOFFOSS & DEVALL, LLP**; and

C. Appoint **HOFFOSS & DEVALL, LLC** to perform an accounting of **NEWMAN, HOFFOSS & DEVALL, LLP**, and to serve as the sole member of the Liquidation Committee of **NEWMAN, HOFFOSS & DEVALL, LLP**, and to wind down the business of **NEWMAN, HOFFOSS & DEVALL, LLP**.

III. In the alternative, should this Court find that **NEWMAN, HOFFOSS & DEVALL, LLP** has not terminated as of March 12, 2013, **HOFFOSS & DEVALL, LLC** be allowed to take possession of all cases being worked on by **RALEIGH NEWMAN, APLC** as of March 12, 2013 and prohibit any partner of **RALEIGH NEWMAN, APLC** from taking any further action toward the prosecution and funding of any cases in the possession of **RALEIGH NEWMAN, APLC** as of March 12, 2013.

On August 19, 2016, the Plaintiff's Second Supplemental and Amending Petition was filed in 2013-1538. This pleading asked that the caption of the subject case be changed to read:

RALEIGH NEWMAN, Individually
and as Agent for RALEIGH NEWMAN,
APLC

VS.

HOFFOSS & DEVALL, LLC and
NEWMAN, HOFFOSS & DEVALL, LLP

Although the pleading asked that the name of the Plaintiff be changed throughout the original petition and the first supplemental and amending petition to read as set forth in the new caption, this pleading does not provide a specific paragraph naming the defendants to the suit. It added a claim that Hoffoss & Devall, LLC, and Newman, Hoffoss & Devall, LLP, had violated the partnership agreement and breached their fiduciary duties to the partners resulting in damage to the Plaintiff for which recovery was being sought. The prayer for relief then provides, in pertinent part:

II.     There should be a full accounting as outlined hereinabove;

III.    After due proceedings had and the lapse of all legal delays, there be judgment herein incorporating the findings of the final accounting reached between the parties.

IV.    After due proceedings had and the lapse of all legal delays, there be judgment herein in favor of petitioner, **RALEIGH NEWMAN, APLC**, and against defendants, **HOFFOSS & DEVALL, LLC and NEWMAN, HOFFOSS & DEVALL, LLP**, awarding unto Petitioner such damages that Petitioner suffered as a result of Defendants' violation of the Partnership Agreement and breach of their fiduciary duties as partners, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

4

On April 7, 2016, in docket number 2013-3389, Raleigh Newman, APLC, filed a Notice of Lis Pendens. On July 21, 2016, NHD and HD filed a Motion for Rule to Show Cause Why Lis Pendens Should Not Be Denied. After filing the second supplemental and amending petition in 2013-1538 which is discussed above, Raleigh Newman, APLC, filed a memorandum in support of the exception of lis pendens. NHD and HD filed an opposition to the notice of lis pendens to which Raleigh Newman, APLC, filed a reply memorandum.

A hearing was held by the trial court in docket number 2013-3389 on the lis pendens issue. The trial court signed a written judgment on November 3, 2016, entitled Order Denying Defendant's Notice and Exception of Lis Pendens. Raleigh Newman, APLC, timely sought a return date for the filing of the instant writ application in which he seeks a reversal of the trial court's ruling. Relator asserts the following assignments of error:

1. The trial court erred as a matter of law by failing to hold and decide that Raleigh Newman could "amend his petition without leave of court at any time before the answer thereto is served." The trial court was told by Raleigh Newman's counsel that Hoffoss & Devall had never filed an answer to the original lawsuit, meaning Raleigh Newman could appeal as of right. Nevertheless, the trial court accepted NHD and Hoffoss & Devall's repeated claims that the trial court could not consider the Second Supplemental and Amending Petition until Raleigh Newman received leave of court to file it.

2. The trial court erred as a matter of law in failing to apply Raleigh Newman's Second Supplemental and Amending Petition in the decision at hand. Raleigh Newman's Second Supplemental and Amending Petition was attached in its entirety to Raleigh Newman's Memo in Support of Lis Pendens and filed in the record in the trial court. That Second Supplemental and Amending Petition cures every issue that Hoffoss & Devall and NHD complain of, and would mandate lis pendens. However, the trial court failed to consider its effect on the Rule to Show Cause.

3. Even setting aside the effect that Raleigh Newman's Second Supplemental and Amending Petition would have on this litigation, the trial court still erred as a matter of law when it ruled that [the] two

suits involve different issues. The proper standard for lis pendens is not whether there are different issues, but whether the two cases stem from the "same transaction or occurrence." That broader standard means that lis pendens applies when the same logically related events entitle the parties to institute legal action, which in this case, means the partnership agreement, and the events that led to the March 13, 2013 walk-out by Hoffoss & Devall.

4.     The trial court erred as a matter of law by holding that the two suits involve different parties. Hoffoss & Devall and NHD's lawyer only focused on Raleigh Newman in his individual capacity as opposed to Raleigh Newman, APLC, the law firm. But the Third Circuit has already held that an individual attorney and the law firm that he owns and operates are the same person for the purposes of lis pendens. *See Bandaries v. Cassidy*, 2011-1267 (La. App. 3 Cir. 3/7/12, 6), 86 So.3d 125, 128, *writ denied*, 2012-0780 (La. 5/25/12), 90 So.3d 412.

## DISCUSSION

The doctrine of lis pendens is found in La.Code Civ.P. art. 531, as follows:

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The first issue that this court must consider is whether this exception was properly raised before the trial court. As discussed above, Raleigh Newman, APLC, filed a Notice of Lis Pendens, in response to which NHD and HD filed a Motion for Rule to Show Cause Why Lis Pendens Should Not Be Denied. At the hearing on NHD and HD's motion, counsel for NHD and HD began the oral argument before the trial court by noting that no exception of lis pendens had been filed in this action; rather, Raleigh Newman, APLC, had filed this Notice of Lis Pendens, even though the parties involved in this litigation owned no immovable

6

property together.[2]  Despite noting the lack of a formal exception of lis pendens, counsel for NHD and HD stated that he knew that if the court found that the exception was not properly pending before the court due to its having not been formally filed, Raleigh Newman, APLC, would simply file said exception. Therefore, the argument continued as though an exception of lis pendens had been properly filed.

As quoted above, La.Code Civ.P. art. 531 refers to La.Code Civ.P. art. 925. This latter article provides, in pertinent part, "[t]he objections which may be raised through the declinatory exception include but are not limited to the following:  . . . . (3) Lis Pendens."  La.Code Civ.P. art. 925(A).  However, La.Code Civ.P. art. 924 states, "[a]ll exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861.  They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought."

While La.Code Civ.P. art. 924 does not expressly require the declinatory exceptions to comply with La.Code Civ.P. art. 852, we find that they must. Louisiana Code of Civil Procedure Article 852 (emphasis added) provides, in pertinent part, "**[t]he pleadings allowed in civil actions** . . . **shall be in writing and shall consist of** petitions, **exceptions**, written motions, and answers."  The assertion that a writing requirement is required is bolstered by a reading of some of the articles specifically listed in La.Code Civ.P. art. 924.

For instance, La.Code Civ.P. art. 853, which is entitled, "Caption of pleadings; adoption by reference; exhibits[,]" provides:

---

[2] The physical location in which NHD had operated was owned by Raleigh Newman, APLC.

Every pleading shall contain a caption setting forth the name of the court, the title and number of the action, and a designation of the pleading. The title of the action shall state the name of the first party on each side with an appropriate indication of other parties.

A statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading in the same court. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

Louisiana Code of Civil Procedure Article 854, which is entitled, "Form of pleading[,]" provides:

No technical forms of pleading are required.

All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Louisiana Code of Civil Procedure Article 863, which is entitled, "Signing of pleadings, effect[,]" provides:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

8

(4)    Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C.    If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D.    If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E.    A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F.    A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G.    If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

The foregoing articles make clear the intention of the legislature that the exceptions, such as lis pendens, must be made in writing. The Notice of Lis Pendens, which was filed into this record, states that (emphasis added):

[D]efendant in the above captioned suit **does hereby file an exception** and notice of pendency of a suit **against plaintiffs** in the above captioned matter, which is entitled *Raleigh Newman v. Hoffoss and Devall, LLC*, in the 14th Judicial District Court for Calcasieu Parish, Louisiana, Docket No. 2013-1538 filed on April 1, 2013 which involves the same parties, issues and transaction or occurrence as the captioned matter. Therefore, two suits are pending in separate Louisiana State Courts, and RALEIGH NEWMAN, APLC puts this Honorable Court on notice of the prior pending action."

In *Aisola v. Louisiana Citizens Property Insurance Corp.*, 14-1708, p. 4 (La. 10/14/15), 180 So.3d 266, 269, the supreme court instructed:

> The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. For *lis pendens* to apply, La.Code Civ. Proc. art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence; and (3) between the same parties in the same capacities. The "test" established to determine if an exception of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an exception of *lis pendens* should be sustained if "a final judgment in the first suit would be *res judicata* in the subsequently filed suit." *United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 01-600 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065; *see also Domingue v. ABC Corp.*, 96-1224 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248, *writ denied*, 96-1947 (La. 11/1/96), 681 So.2d 1268.

In *Stokes v. Layssard*, 15-969 (La.App. 3 Cir. 3/9/16), 187 So.3d 576, *writ denied*, 16-1027 (La. 9/16/16), 206 So.3d 883, the plaintiff had attempted to set aside a donation of property for various reasons. She lost in that action following a trial, and the judgment in the defendant's favor was affirmed by this court. However, the plaintiff in the original suit then instituted a new action against the same defendant attacking the same donation but on different grounds. In affirming the trial court's decision to grant the exception of res judicata and to dismiss the plaintiff's new suit, this court provided the following instructive language:

> Because they address common issues, we address Stokes' second and third assignments of error together. In these assignments of error, Stokes asserts that the trial court erred in sustaining the exception of res judicata by preclusion. In support of this assignment, she asserts that the cause of action for ingratitude did not exist at the time she filed her first suit and, further, that the cause of action in the instant suit did not arise from the same transaction or occurrence as the prior suit. For the following reasons, we find these assignments of error to lack merit.
>
> Louisiana Code of Civil Procedure Article 425 provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Article 425 is read *in pari materia* with the res judicata statute, La.R.S. 13:4231.

10

*Spires v. State Farm Mut. Auto. Ins. Co.*, 08-573 (La.App. 3 Cir. 11/5/08), 996 So.2d 697, *writ denied*, 08-2871 (La. 2/6/09), 999 So.2d 783.

> Res judicata is an issue and claim preclusion device which prohibits relitigation of matters which were litigated or *could* have been litigated in a prior suit. Louisiana Revised Statute[s] 13:4231 enumerates the specific circumstances under which a valid and final judgment will preclude a party from raising a claim or issue in a subsequent proceeding.

*Walker v. Howell*, 04-246, p. 3 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, 112 (emphasis added). Louisiana Revised Statutes 13:4231 provides, in pertinent part:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

. . . .

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Our court has previously explained:

Technically, both claim and issue preclusion are termed *res judicata* under our law. However, there is a distinction given in *Hudson v. City of Bossier*[, 33,620, p. 7 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, *writ denied*, 00-2687 (La. 11/27/00), 775 So.2d 450]:

> Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or *could have been raised* in that action. . . .

> Thus, unlike issue preclusion, claim preclusion is much broader, encompassing a prohibition against relitigation of those matters which, not only, were litigated but, also, of those which *could* have been litigated. "The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless re-litigation."

*Williams v. City of Marksville*, 02-1130, pp. 2-3 (La.App. 3 Cir. 3/5/03), 839 So.2d 1129, 1131 (footnotes omitted). Importantly, "[f]or res judicata to apply, the cause or causes of action asserted in the second suit must have existed at the time of final judgment in the first litigation." *Burguieres v. Pollingue*, 02-1385, p. 12 (La. 2/25/03), 843 So.2d 1049, 1056.

> In the instant matter, there is no dispute that the parties are the same. The first suit was an action to annul the donation of the property to Layssard on the grounds that the form of the donation was invalid. In the second suit, Stokes attempted to revoke the donation on the grounds of ingratitude. Both claims concern an attempt to have the same property returned to Stokes and arise out of Layssard's refusal to return the property at issue to Stokes. Thus, they arise out of the same transaction or occurrence. Additionally, for the reasons articulated in our analysis of assignment of error number one, we find that the cause of action to revoke the donation on the grounds of ingratitude existed and should have been known by Stokes on August 2, 2012. Final judgment in the first suit was rendered on October 1, 2013. Thus, we conclude that the cause of action asserted in the instant matter existed, and should have been brought, at the time final judgment in the first suit was rendered. Therefore, we find that the trial court did not err in sustaining Layssard's exception of res judicata on the grounds that the claims were precluded and affirm the judgment of the trial court on this issue.

*Layssard*, 187 So.3d at 579-80 (first, third, and fourth alteration in original).

As to the identity of the parties element, in *Forum for Equality PAC v. McKeithen*, 04-2551, pp. 10-11 (La. 1/19/05), 893 So.2d 738, 745 (alteration in original), the supreme court has stated:

> An examination of the res judicata provision, La.R.S. 13:4231, reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La.2/25/03), 843 So.2d 1049. The sole element disputed by plaintiffs is the third element, relating to the identity of the parties. Specifically, plaintiffs assert there are three new plaintiffs in the instant litigation (Louisiana Log Cabin Republicans, Gerald Thibodeaux and Julie Jacobs). Because these plaintiffs were not parties to the Orleans Parish litigation, plaintiffs argue they should not be subject to res judicata.

12

In *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154, 156 (La.1978), we explained that "[t]here exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same 'quality' as parties." In *Hudson v. City of Bossier*, 33,620 at p. 8 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, the appellate court, relying on federal jurisprudence interpreting res judicata provisions analogous to those under our state law, found that the preclusive effect of a judgment could bind a nonparty whose interests were adequately represented by parties to the litigation:

> Under federal law, the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. *Gilbert v. Visone*, 30,204 (La.App. 2d Cir. 02/25/98), 708 So.2d 496; *Condrey v. Howard*, 28,442 (La.App. 2d Cir. 08/21/96), 679 So.2d 563, *writ denied*, 96-2335 (La. 11/22/96), 683 So.2d 281, citing *Meza v. General Battery Corp.*, 908 F.2d 1262 (5th Cir.1990).

The interests of the additional parties in the instant litigation who were not parties to the Orleans Parish litigation are closely aligned with the interests of the parties in the Orleans Parish litigation. Under these circumstances, we must conclude their interests were adequately represented by the parties in the Orleans Parish litigation.

This court will now consider the facts of the instant case in light of the foregoing principles. In the petition filed by NHD and HD in 2013-3389 on July 23, 2013, these parties aver, in pertinent part:

> On March 13, 2013, a meeting was held in the office of **NEWMAN** during which J. Lee Hoffoss, Jr. and Claude P. Devall informed Raleigh Newman that because of **NEWMAN**'s afore described [sic] action, **H&D** was terminating the partnership for cause and that **NEWMAN** would no longer be taking part in the business of **NHD**, thus expelling **NEWMAN** from **NHD** for cause due to **NEWMAN**'s actions[.]

Again, we note that at the time docket number 2013-1538 was filed on April 1, 2013, Mr. Newman appeared only in his individual capacity. Nevertheless,

13

we discussed the claims being advanced in the original petition in docket number 2013-1538 previously herein.

Thus, we find that all claims arising out of the dissolution of NHD were viable as of the date of the filing of docket number 2013-1538. While this first-filed suit did not specifically name the Defendants to the action, the intent was obviously to name Newman, Hoffoss & Devall, LLP, and the individual partners since those were the parties sought to be enjoined by the temporary restraining order. Furthermore, while the petition in docket number 2013-1538 named Raleigh Newman only in his individual capacity, the individual could only seek the relief as to the partnership by appearing as the representative of Raleigh Newman, APLC, because only it was a member of the partnership, not the individual Raleigh Newman. Therefore, there was a sufficient identity of the parties' interests to satisfy the test as to whether a judgment in 2013-1538 should bind the same parties who appear in docket number 2013-3389.[3]

In the opposition memorandum submitted to this court, NHD and HD assert that all of the claims made by the original petition filed in docket number 2013-1538 were put to an end when the parties entered into a stipulation "whereby the parties agreed that they would not dispose of any client contracts, records or documents." However, when NHD and HD moved for the trial court to dismiss the suit in 2013-1538, Raleigh Newman objected to the dismissal because there was outstanding discovery to which they had not, according to Mr. Newman, sufficiently responded.

---

[3] We note, though, that in the reply brief filed in this court, Newman contends that it was "impossible" for Newman to be "expelled" from NHD because the partnership agreement requires unanimous agreement for a partner to be expelled pursuant to Section 4.4 of the agreement.

In the opposition memorandum NHD and HD write:

> NHD and HD previously filed motions to dismiss and strike, and an exception of no cause of action, all pending before the trial court in the Injunction Suit [2013-1538]. The status of said motions and exception have been discussed during several discovery related hearings before the trial court in the Injunction Suit, which resulted in dicta as to said motions and exception from both parties and the trial judge in hearing transcripts. However, the trial court has not formally heard argument, and has not considered the memorandum or merits of any of said motions or exception. The record of the Injunction Suit is manifestly void of any judgment or order denying any of these pending matters.

These parties stated the foregoing in an attempt to show that the trial court has not ruled on the motion to dismiss in 2013-1538, contrary to Raleigh Newman and Raleigh Newman, APLC's assertions in their writ application that the trial court in that matter had denied their motion to dismiss. Nevertheless, we note that the foregoing quote also indicates that there are ongoing matters in 2013-1538, such as the exception of no right of action.[4]

NHD and HD also contend that no supplemental and amending petitions should have been permitted in 2013-1538 because the parties had entered into the stipulation which rendered the prayer for relief in the original petition moot before those supplemental and amending petitions were filed. The stipulation appears as an exhibit to the opposition memorandum. As asserted by NHD and HD, the stipulation provides for the relief sought by the original petition filed in 2013-1538.

However, as noted above, 2013-1538 was not formally dismissed prior to those additional filings and from the exception of no right of action and the

---

[4] No party involved in this writ application has submitted a copy of the exception of no right of action filed in 2013-1538. However, the exception apparently challenges the right of the individual Raleigh Newman to bring an action clearly belonging only to a partner in NHD, i.e., Raleigh Newman, APLC. Arguably, the cure for such a defect, if it exists, would be to sustain the objection and afford the plaintiff, Raleigh Newman, the opportunity to amend the petition to substitute a party who does have an interest in the action, i.e., Raleigh Newman, APLC. La.Code Civ.P. art. 934. This amendment has already been accomplished through filing of Plaintiffs' Second Supplemental and Amending Petition in that action.

discovery that was ongoing, it does not appear that 2013-1538 was at an end. As pointed out in the instant writ application to this court, at the hearing held in 2013-1538 on July 24, 2013, then counsel for NHD and HD stated in open court, "We're just going to leave it like it is, do the discovery, and come back to the Court if we don't settle our differences." The trial court then stated, "Okay. Now, in today's proceeding the defendants are alleging that this lawsuit filed initially, this particular one, is -- is -- no longer exists --" and then stated, "essentially is what they're saying. But we're not going to talk about that or go there or resolve that." In response, counsel for NHD and HD stated, "we're going to leave it right where it is, reserving our right to contend that it's moot and the right of the defendant to contend that it is still viable, if we have to go there." Thus, the parties and the trial court in 2013-1538 anticipated the discovery was to move forward in that docket number and that the extant exception of no right of action and motions would be held in abeyance, at least temporarily, in an attempt to complete discovery and perhaps permit the parties to settle their differences. Therefore, we find the argument that the suit in 2013-1538 was at an end with the stipulation entered into between the parties is without merit.

Accordingly, we hold that the exception of lis pendens should have been sustained by the trial court and that the suit bearing the district court docket number 2013-3389 should have been ordered dismissed without prejudice.

**DECREE**

For the foregoing reasons, the writ application is granted, the trial court's judgment denying the Notice and Exception of Lis Pendens filed by Defendant-Relator, Raleigh Newman, APLC, in district court docket number 2013-3389 is

16

reversed, and the suit bearing the same district court docket number is dismissed without prejudice.

**WRIT GRANTED AND MADE PEREMPTORY.**