STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-24


RALEIGH NEWMAN

VERSUS

HOFFOSS AND DEVALL, LLC, ET AL.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-1538
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.



REVERSED AND REMANDED.




Barry Alwin Roach
Larry A. Roach, Inc.
2917 Ryan St.
Lake Charles, LA 70601
(337) 433-8504
COUNSEL FOR PLAINTIFF/APPELLANT:
    Raleigh Newman

**Maurice L. Tynes**
**Attorney at Law**
**4839 Ihles Rd**
**Lake Charles, LA 70605**
**(337) 479-1173**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Raleigh Newman**

**Leslie J. Schiff**
**Schiff, Scheckman & White**
**P. O. Box 10**
**Opelousas, LA 70571-0010**
**(337) 942-9771**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Claude P. Devall**
    **J. Lee Hoffoss, Jr.**
    **Hoffoss and Devall, LLC**

**Russell Joseph Stutes, Jr.**
**Shelley B. Bouillion**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Claude P. Devall**
    **J. Lee Hoffoss, Jr.**
    **Hoffoss and Devall, LLC**

**GREMILLION, Judge.**

The plaintiff-appellant, Raleigh Newman (Newman), individually and as agent for Raleigh Newman, APLC (Newman), appeals the trial court's judgment dismissing his suit against his former law partnership, defendant-appellee, Hoffoss & Devall, LLC (Hoffoss & Devall). For the following reasons, we reverse and remand for proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Newman filed suit against "Hoffoss & Devall, LLC" on April 1, 2013 following his former law partners' departure from the firm for an injunction relating to firm records so that an accounting could occur.[1] The partnership between Newman, Claude P. Devall and Lee Hoffoss, Jr. was created on January 21, 2010. In March 2013, Hoffoss and Devall departed the partnership and started their own firm. Newman's 2013 petition alleged that there had not been accounting between the parties regarding the division of fees in cases that were still pending. He requested a temporary restraining order to prevent the disposal of records "until such time as there is a formal accounting between the parties."

On April 23, 2013, the parties entered into a stipulation agreeing not to dispose or alter client contracts, records, or documents and agreeing that "the Court may enter an order based upon this stipulation and that they shall be bound by this stipulation and the Court's subsequent order based thereon." On June 21, 2013, Hoffoss & Devall filed a motion for dismissal arguing that the demands in the petition had been extinguished by virtue of the stipulation. Newman filed an opposition to the motion arguing that discovery was still underway and the terms of the stipulation contemplated further action in the suit. On June 27, 2013, Newman

---

[1] Newman alleges he is due fees for over 200 cases it filed against British Petroleum (BP) subsequent to the Deepwater Horizon oil spill in the Gulf of Mexico in April 2010.

filed a motion to compel the defendants to answer interrogatories and produce requested documents.

On July 15, 2013, Newman filed a first supplemental and amending petition calling for a full accounting of all the activities, including the present posture of all BP cases. On July 23, 2013, Hoffoss & Devall filed a peremptory exception of no right of action and motion to strike first supplemental and amending petition alleging that Newman was not the proper party and that the stipulation resolved all requests for relief. Hoffoss & Devall argued that "Defendant-in-Rule's effort to supplement the petition following a formal settlement by way of stipulation should not be condoned." Hoffoss & Devall urged that the pleading was not an amending petition but a supplemental petition "since it adds a number of allegations" requiring a contradictory hearing.

The next document in the record is another motion to compel filed by Newman on March 16, 2016. Attached to it was correspondence between the parties over the years. On April 25, 2016, Defendants filed a motion and order to set a hearing on the peremptory exception of no right of actions and the motion to strike first supplemental and amending petition. On May 9, 2016, the parties filed a joint motion and order for continuance. On August 19, 2016, Newman filed a second supplemental and amending petition to correct proper party designation as Raleigh Newman, Individually and as agent for Raleigh Newman, APLC and to allege a breach of fiduciary duties by Hoffoss & Devall. On March 26, 2019, Newman filed a third supplemental and amending petition, alleging that Hoffoss & Devall failed to answer interrogatories and produce information relating to the BP cases. On April 4, 2019, Newman filed a demand for a jury trial.

On May 2, 2019, Hoffoss & Devall filed an amendment to and/or supplemental peremptory exception of no right of action and motion to strike all

supplemental and amending petitions again urging that the subsequent petitions were not brought by the proper party and were not amending but rather supplemental because they assert a claim for damages, which is a new cause of action requiring a contradictory hearing. On August 20, 2019, Newman filed an opposition arguing that this court had expressly held that the proper party issue had been cured in *Newman Hoffoss & Devall, LLP v. Raleigh Newman, APLC,* 16-967 (La.App. 3 Cir. 3/22/17), 216 So.3d 276. He further argued that all subsequent pleadings were amending in nature and not supplemental, that pursuant to a writ we granted, it had been specifically found that all claims arising out of the dissolution were viable as of the date of the filing of docket number 2013-1538."[2] He further argued that leave of court was unnecessary due to the fact that the petitions were amending and because pursuant to La.Civ.P. art. 1151, Hoffoss & Devall had not yet filed an answer; therefore, no leave of court was necessary to file the three "supplemental and amending petitions."

On August 29, 2019, the parties filed an unopposed motion to continue. On October 17, 2019, Hoffoss & Devall filed a memorandum in reply to Newman's opposition to the exception and motion to strike.

The trial court held a hearing on the motions of December 3, 2019. On March 24, 2020, Hoffoss & Devall filed a motion for entry of their second judgment.[3] On July 13, 2020, Newman filed an opposition to Hoffoss & Devall's motion for entry of judgment. On July 16, 2020, Newman filed a substitution opposition to Hoffoss & Devall's motion for entry of judgment. On July 17, 2020, Hoffoss & Devall filed a reply memorandum.

---

[2] The trial court docket number in this case is 2013-1538.
[3] Following the December hearing, the parties submitted no less than five proposed judgments back and forth but were unable to come to an agreement.

On July 29, 2020, the trial court filed its judgment, which granted Hoffoss & Devall's' June 21, 2013 motion for dismissal and granted its July 23, 2013 amended and/or supplemented on May 2, 2019 motion to strike Newman's first, second, and third supplemental and amending petitions and dismissed the case with prejudice.

Newman timely appealed and assigns as error:

      I. The trial court committed manifest error, abused its discretion, and failed to rule according to the evidence when it granted the Motion to Dismiss the Petition of Plaintiffs', based on the stipulation of 04/23/13 (R-12), despite the controlling ruling in the Newman Hoffoss and Devall, LLC and Hoffoss Devall, LLC versus no. 2013-3389, Raleigh Newman, APLC, 14th Judicial District Court, Calcasieu Parish, LA.

      II. The trial court committed manifest error, abused its discretion, and failed to rule according to the evidence when it granted the Motion to Strike the Plaintiffs' Amended and Supplemental Petitions, based on the stipulation of 04/23/13 (R-12).

**DISCUSSION**

*Motion to Dismiss/Motion to Strike*

Louisiana Code of Civil Procedure article 964 provides that "The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." The grant of a motion to strike is within the trial court's discretion, and we review it using the abuse of discretion standard. *Comeaux v. Butcher Air Condition Co., Inc.*, 19-154 (La.App. 3 Cir. 6/12/19), 274 So.3d 653. Motions to strike are viewed unfavorably and are infrequently granted. *Id.* Motions to dismiss are similarly reviewed "pursuant to an abuse of discretion and manifest error standard of review." *Lemaire v. Estate of Harrington*, 97-256, p.5 (La. App. 3 Cir. 10/8/97), 701 So.2d 484, 486.

At the conclusion of the December 2019 hearing relating to Hoffoss & Devall's 2013 motion to strike, the trial court stated:

4

I'm going to grant the motion to strike, dismiss. I think that the original petition was resolved, no longer existed, when the formal stipulation was entered into on April 23, 2013. Anything that anyone wanted after that date should be by way of a new petition. There was nothing to supplement or to amend. That petition-- the original petition was-- was no longer in existence. It wasn't pending. It was done. Motion to dismiss, slash, motion to strike is granted.

Again, the matter was argued at the July 21, 2020 hearing on one of the many proposed judgments, and the trial court reiterated:

I'm going to reaffirm my Ruling dismissing on the Motion for Dismissal of the Suit as well as the Motions to Strike. I know that we debated whether it was a Motion to Strike or – what is it – Dismiss – whatever the language was. But I'm going to rely on the Ruling I made December 3rd, 2019. It was either a Motion to Strike or Motion to Dismiss. I'm just going to reaffirm the Ruling. I guess – I don't know—you can call this reconsideration if you want to, but I'm not going to reconsider the Ruling that was made on December 3rd, 2019 dismissing – granting the Motion to Dismiss and the Motion to Strike.

### *Effect of Stipulation*

We find the trial court erred in granting the motion to strike/dismiss based on the 2013 stipulation entered into by the parties. The stipulation entered into nearly six years before the hearing clearly did not in reality have the effect of ending the litigation. To retroactively suggest that it did was a legal error. Multiple pleadings were filed in the record, including Newman's three supplemental and/or amending petitions which will be discussed below, three motions to compel discovery, and various other pleadings. The very nature of the stipulation to enjoin the disposal of financial records and legal documents presupposes that further down the line, something is to be done with the documents: in this case, an accounting between the former law partners. Moreover, the wording of the stipulation envisions subsequent actions, i.e., an accounting to occur between the parties, when it concludes that the records/documents should be maintained and not disposed of "*until such time as there is a settlement or formal accounting between the parties*." While it was hoped that the parties could amicably resolve their issues, that did not occur. The

5

stipulation did not end the litigation between the parties, which was clearly ongoing.

It presumed an accounting would take place, which as of 2021 still had not occurred.

Because the parties were unable to come to an agreement, as contemplated years ago,

the stipulation did nothing to further the conclusion of the issues between the parties.

We said as much in *Newman*, 216 So.3d 276, 287 (emphasis added)[4]:

> NHD and HD also contend that no supplemental and amending petitions should have been permitted in 2013–1538 because the parties had entered into the stipulation which rendered the prayer for relief in the original petition moot before those supplemental and amending petitions were filed. The stipulation appears as an exhibit to the opposition memorandum. As asserted by NHD and HD, the stipulation provides for the relief sought by the original petition filed in 2013-1538.

> However, as noted above, 2013–1538 was not formally dismissed prior to those additional filings and from the exception of no right of action *and the discovery that was ongoing, it does not appear that 2013–1538 was at an end*. As pointed out in the instant writ application to this court, at the hearing held in 2013–1538 on July 24, 2013, then counsel for NHD and HD stated in open court, *"We're just going to leave it like it is, do the discovery, and come back to the Court if we don't settle our differences."* The trial court then stated, "Okay. Now, in today's proceeding the defendants are alleging that this lawsuit filed initially, this particular one, is—is—no longer exists—" and then stated, "essentially is what they're saying. But we're not going to talk about that or go there or resolve that." In response, counsel for NHD and HD stated, "we're going to leave it right where it is, reserving our right to contend that it's moot and the right of the defendant to contend that it is still viable, if we have to go there." ***Thus, the parties and the trial court in 2013-1538 anticipated the discovery was to move forward in that docket number and that the extant exception of no right of action and motions would be held in abeyance, at least temporarily, in an attempt to complete discovery and perhaps permit the parties to settle their differences. Therefore, we find the argument that the suit in 2013–1538 was at an end with the stipulation entered into between the parties is without merit***.

Further, we specifically noted in *Newman* that "there are ongoing matters in

2013-1538, such as the exception of no right of action." *Id.* at 286. Moreover, we

stated in a footnote that although the exception of no right of action had not been

---

[4] We granted Newman's writ filed in a parallel case instituted by Hoffoss & Devall against Newman in docket number 2013-3389. The trial court denied Newman's exception of lis pendens. We reversed the trial court's judgment and dismissed the suit bearing docket number 2013-3389.

submitted with the writ application, the "amendment has already been accomplished through filing of Plaintiffs' Second Supplemental and Amending Petition in that action." *Id.* at note 4.

While not directly on point, the principle that further activity is contemplated subsequent to the granting of an injunction is found in the situation of divorce where parties are prohibited from disposing of community assets until "the necessity abates because the community property has been inventoried and/or partitioned." *Davis v. Davis*, 420 So.2d 432, 435 (La 1982). Similarly, in the dissolution of a law partnership, the order to not dispose of records does not abate until the final accounting can occur. If the condition that the stipulation was created for (i.e., the preservation of documents so that an accounting can be held) has not occurred, the stipulation cannot be the end of the litigation.

Accordingly, we find that the stipulation did not have the effect of ending the litigation, and the trial court erred in granting the motion to strike and/or dismiss on this basis. Because the trial court did not address the merits of any of the amending and/or supplemental petitions, we will conduct a de novo review of the record to determine the nature of each of these petitions.

### *Amendment versus Supplement*

Louisiana Code of Civil Procedure article 1151 states (emphasis added):

> *A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.* He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after is has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

The article relating to supplementing a petition, La.Code Civ.P. art. 1155, states:

> The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition

or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.

The Louisiana Civil Law Treatise, Civil Procedure § 6:10 (2d ed.), discusses the distinction between amending and supplemental petitions:

> Courts and counsel frequently treat the terms supplemental pleading and amended pleading as synonymous. However, they are separate concepts. An amended pleading either restates the allegations of a claim or defense which were imperfectly stated, or adds a new claim or defense which existed, but was not pleaded, when the original pleading was filed. A supplemental pleading sets forth a new claim or defense, or an item of damages, which arose after the filing of the original pleading.

> The distinction is important, because the rules governing amended pleadings are much more liberal. Amendment sometimes may be effected without leave of court, and pre-amendment notice to the opposing party may not be required. A supplemental pleading is permissible only if there is sufficient connexity with the claim or defense initially asserted, and only after a contradictory hearing against the opposing party.

Appellate courts have addressed this distinction:

> After an answer has been filed, the authorization of the filing of an amending petition is within the discretion of the trial judge. La. C.C.P. arts. 1151 and 1155; *Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries*, 95–0484 (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 527, *writ denied*, 96–0415 (La.3/29/96), 670 So.2d 1233. Thus, a trial judge's ruling granting an amendment to the pleadings will not be disturbed on appeal unless an abuse of discretion has occurred that indicates a possibility of resulting injustice. *Rainey v. Entergy Gulf States, Inc.*, 2001-2414 (La.App. 1 Cir.11/8/02), 840 So.2d 586, 589, on reh'g., 2001-2414 (La.App. 1 Cir. 6/25/04), 885 So.2d 1193. Amendments should be permitted if: (1) the movant is acting in good faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed. *Rainey*, 840 So.2d at 589–90. Good faith is a reasonable belief that the facts alleged in the proposed amendment are true *Rainey*, 840 So.2d at 590.

> We must determine whether the plaintiffs' pleading entitled "Amended Petition for Damages" constitutes an "amendment" or a "supplement." A supplemental pleading differs from an amended pleading in that an amended pleading involves matters that occurred before the original complaint was filed, which were either overlooked by the pleader or were unknown to him at the time, while a

> supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. *Gilchrist Const. Co., L.L.C. v. State, Dept. of Transp. and Dev.*, 2013–2101 (La.App. 1 Cir. 3/9/15), 166 So.3d 1045, 1051, *writ denied*, 2015–0877 (La.6/30/15), 172 So.3d 1097.
>
> Under La. C.C.P. art. 1151, a petition may be amended after an answer has been filed "by leave of court." On September 19, 2011, the trial court signed the bottom portion of the amended petition entitled "Order," which stated that the plaintiffs were "GRANTED leave of Court to file this Amended Petition for Damages." Thus, La. C.C.P. art. 1151 was satisfied. Furthermore, the plaintiffs pled no new facts, nor did they name any additional defendants. The plaintiffs merely added allegations.

*Baringer v. Robinson*, 15-698, pp. 9-11 (La.App. 1 Cir. 12/2/15), 216 So.3d 919, 926-27.

In the case before us, Newman did not file motions for leave of court to amend and/or supplement his petition. The requirement of a written motion is found in La.Code Civ.P. art. 961; *see also Treen Const. Co., v. Keenan*, 15-523 (La.App. 5 Cir. 12/9/15), 182 So.3d 357. However, the trial court signed orders for two of the three petitions. Moreover, Hoffoss & Devall have never filed an answer in the record. Thus, pursuant to La.Code Civ.P. art. 1151, any petitions that were amending in nature would not have required any formality.

### July 15, 2013 "First Supplemental and Amending Petition"

Newman's "First Supplemental and Amending Petition" sought to add:

10.

> To date there has been no accounting between the parties as to a proper division of fees resulting from the partnership business as well as from the conduct of the individual partner of the partnership.

11.

> There should be a full accounting of all the activities of each partner to the partnership as well as a full accounting as to the division of he past, present and future pending fees.

12.

There should be a full accounting as well as the present posture of all B P cases that were signed up by any of the partners.

13.

All the partnership records should be open and available to each of the partners during the pendency of these proceedings.

14.

A full accounting and specific designation and identity be made by Hoffoss & Devall of each and every case and record taken with them when they moved out of the partnership premises at 1830 Hodges Street, Lake Charles, LA.

Although Newman did not file a motion for leave of court, the trial court signed an "order" on the same day this petition was filed which stated, "IT IS HEREBY ORDERED that plaintiff's First Supplemental and Amending Petition be filed." The terms of this petition are amending in nature and sought to clarify that the stipulation regarding the injunction did not end the need for an accounting. Accordingly, we find this amending petition to be a valid pleading in the record for which no leave of court or contradictory hearing was required.

***August 19, 2016 "Plaintiff's Second Supplemental and Amending Petition"***

This petition sought to change the caption of the original petition from Raleigh Newman versus Hoffoss & Devall, LLC to "Raleigh Newman, individually and as agent for Raleigh Newman, APLC vs. Hoffoss & Devall, LLC, and Newman, Hoffoss & Devall, LLP." This party designation was properly amended as noted in in our writ opinion above. The petition also sought to add paragraph 16 to state:

16.

On information and belief defendants, **HOFOSS & DEVALL, LLC and NEWMAN, HOFFOSS & DEVALL, LLP**, violated the Partnership Agreement and breached their fiduciary duties as partners thereby causing damages to Petitioner, which this lawsuit seeks to recover.

This petition did not have an accompanying order signed by the trial court as did the first one. As to the claims of paragraph 16, they all related to the dissolution of the partnership and the original petition filed in April 2013. Failure to conduct the accounting, as envisioned by the stipulation, resulted in the need to amend the petition for breach of fiduciary duty. Accordingly, we find paragraph 16 is amending in nature and required no leave of court or other formality since Hoffoss and Devall have yet to file an answer.

**March 26, 2019 "Plaintiff's Third Supplemental and Amending Petition"**

In his "Third Supplemental and Amending Petition," Newman sought to add paragraphs 17-20, which state:

17.

Hoffoss and Devall, LLC, defendant herein, failed to answer certain Interrogatories and produce certain information relative to BP cases propounded by Plaintiff herein.

18.

At the hearing to compel, this Honorable Court ordered Hoffoss and Devall, LLC, defendant herein, to furnish certain information relative to the BP cases to Plaintiff, which information consisted of the following:

1. Name of each BP case;

2. Date it was filed;

3. Name of law firm and attorney used to open the portal for each case;

4. If any law firm, or attorney, has been changed since the original filing, then produce details of the changes and reasons therefore;

5. Present status of each case.

19.

Hoffoss and Devall, LLC, defendant herein, disobeyed these court orders and failed to produce the court ordered information relative to the BP cases, especially in whose name these cases were filed in and

11

the details of any changes in law firm made from the filing to the present time.

20.

On information and belief, Hoffoss and Devall, LLC's defendant herein, total disregard to the court order made by this Honorable Court at the hearing dated June 29, 2016, is consistent with Hoffoss and Devall, LLC, defendant having committed fraudulent conversion of ownership of the BP cases mentioned herein.

Similar to the first amending petition, this one did not contain a motion for leave of court, but did contain an order signed by the trial court that "HEREBY ORDERED that plaintiff's Third Supplemental and Amending Petition be filed." We find this final amendment to be supplemental in nature rather than amending because this cause of action, while relating to the issues in the original petition, only arose due to Hoffoss & Devall's failure to comply over the years. Because the formality of a contradictory hearing required of La.Code Civ. P. art. 1155 has not been met, we are unable to allow this petition. Nevertheless, because the stipulation did not have the effect of ending the litigation, Newman may re-urge his supplemental petition on remand.

We find that Newman acted in good faith and did not file the amendments for purposes of delay. Moreover, there is no prejudice to defendants, who knew of the substance of these claims for many years. The trial of these matters will be no more delayed by these amendments as it has been by Hoffoss & Devall's failure to comply with court orders to produce documents. As late as May 2019, Hoffoss and Devall's amended peremptory exception continued to argue the proper party exception, which we have already resolved via writ years ago. Amendment is favored and allowed in the interests of justice. *Coleman v. Lowery Carnival Co.* 53,467 (LaApp 2 Cir. 4/22/20), 295 So.3d 427, *writ denied*, 20-594 (La. 9/23/2020), 301 So.3d 1179. For the foregoing reasons, the first two amending petitions are amending petitions that

are part of the record. The third supplemental petition is denied, but Newman may re-urge it on remand.

## CONCLUSION

The trial court erred in granting Defendant's motion to strike/dismiss because the stipulation did not mark the end of the proceedings. The first two subsequent "amending and supplemental petitions" were acutally amendments that did not require leave of court since an answer has yet to be filed by Hoffoss & Devall. The final petition is supplemental in nature which requires a contradictory hearing. Because this formality was not met, we must deny Newman's third supplemental and amending petition. Accordingly, we remand this case for proceedings consistent with this opinion. All costs of this appeal are assessed to the defendant-appellee, Hoffoss & Devall, LLC.

**REVERSED AND REMANDED**.